NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0470n.06

No. 22-1142

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Nov 22, 2022
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
|  | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
|  | ) COURT FOR THE EASTERN |
|  | ) DISTRICT OF MICHIGAN |
| TONALYNN BERNARD, | ) |
| Defendant-Appellant. | ) |
|  | ) OPINION |
|  | ) |

Before: SILER, NALBANDIAN, and READLER, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Tonalynn Bernard pleaded guilty to a drug charge under 21 U.S.C. §§ 841(a)(1) and 846 and the district court sentenced her to 30 months in prison. After being released to a halfway house, she began a period of supervised release. During her supervised release, she was arrested twice more on drug charges. The district court sentenced her to 24 months in prison for these violations. Bernard appeals this sentence as procedurally and substantively unreasonable. We disagree and affirm.

## I.    Background

Tonalynn Bernard was convicted in federal court for conspiracy to possess with intent to distribute a controlled substance based on activity from June 2015 to February 2017. In January 2018, the court adjourned her sentencing hearing to give her a chance to show rehabilitation based on her argument that her drug activity stemmed from her drug addiction. But in March 2018,

Bernard was arrested after fleeing from the police searching her home. The police recovered nine grams of cocaine, as well as scales, money, and packaging material during their search.

Bernard pleaded guilty to state drug charges and received a 1-to-40-year sentence. She also pleaded guilty to federal charges. The district court sentenced her to 30 months in prison, concurrent with the state sentence.

In October 2020, Bernard was released to a halfway house. In April 2021, she began a period of supervised release as part of her federal sentence. Her new troubles began in August 2021, when a search warrant targeted at her son led officers to search her room, where they found crack cocaine and Adderall. Bernard was once again charged in state court with drug possession. The Probation Office released a report listing three supervised release violations. The court then ordered Bernard released on bond pending a hearing on the violations.[1]

In November 2021, police again arrested Bernard—this time, related to drug sales in a hotel parking lot. The state filed charges and the Probation Office submitted a new report listing five violations. The district court issued a new warrant. And Bernard self-surrendered. She admitted to three of the five violations on the new probation report. Bernard asked the court to allow her to undergo intensive drug treatment for her ongoing mental-health and substance-abuse problems rather than send her to prison. The government countered that Bernard had been through treatment before, making a Guidelines sentence appropriate.

The district court, who had been presiding over Bernard's case from the start, sentenced Bernard to 24 months in prison — the statutory maximum and within the Guidelines range of 24 to 30 months. The court noted that Bernard had tested clean for drugs "for an extended period"

---

[1] At the time of her supervised release violation hearing, Bernard had not yet been convicted for the state-level offense, but her attorney informed the court that she planned to plead guilty to possession with intent to distribute.

but had repeatedly engaged in drug dealing. (R. 140, Supervised Release Violation Hearing, at 25). Bernard objected to the length of the sentence but not to its reliance on allegedly unsubstantiated facts. She now appeals, arguing that her sentence is both procedurally and substantively unreasonable.

## II. Standard of Review

We generally review a sentence for procedural and substantive reasonableness for an abuse of discretion — whether the sentence is within or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Robinson*, 778 F.3d 515, 518 (6th Cir. 2015). Defendants need not raise substantive reasonableness to preserve it for appeal. *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008). But they must raise procedural reasonableness in the district court and on appeal. *Id*. Otherwise, plain error review applies. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Under that test, we can correct an error not raised in the district court. There must be (1) "error," (2) that is "plain," (3) that "affects substantial rights," and (4) that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (alteration in original) (citations and quotations omitted).

## III. Analysis

### A. Whether the Sentence Was Procedurally Unreasonable

We first consider procedural reasonableness. *Gall*, 552 U.S. at 51. Procedural reasonableness requires that the district court must have

> (1) properly calculated the applicable advisory Guidelines range; (2) considered the other [18 U.S.C.] § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range

3

*United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (alteration in original) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)).

A sentencing court can commit procedural error by relying on "clearly erroneous facts." *Id.* (citation omitted). "In challenges to the evidence considered by the sentencing judge, the defendant must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence." *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir. 1990); *see Adams*, 873 F.3d at 517. Because Bernard did not object to this particular alleged procedural error during the supervised release violation hearing, we review for plain error. *See United States v. Harmon*, 607 F.3d 233, 237 (6th Cir. 2010).

The district court confirmed that Bernard was stipulating to three of the five violations of her probation conditions, that the relevant Guidelines range was 24 – 30 months, and that the relevant, applicable statutory maximum was 24 months.[2] The court discussed the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, the need for deterrence and promotion of respect for law, and Bernard's status as a repeat offender. (R. 140, Supervised Release Violation Hearing, at 24–26). And the district court explained the reasons for the sentence, including why it was rejecting Bernard's request for a non-custodial sentence. The court emphasized Bernard's repeated engagement in drug distribution (rather than personal drug use) as justification for imposing a custodial sentence. (R. 140, Supervised Release Violation Hearing, at 24–26).

Bernard argues that the district court relied on clearly erroneous facts in reaching its sentence. In particular, she argues that the court's statement that Bernard had received treatment, "seem[ed] to imply that she received drug and mental-health treatment during the 10 months she

---

[2] Bernard has a Criminal History Category of IV.

had been on supervision." (Appellant Brief at 10). Bernard notes that she had last received inpatient drug treatment in 2016, five years before the violation hearing. (Appellant Brief at 13). She also says that she never attended the specific type of treatment program proposed by her counsel — one "where she would receive mental-health treatment, drug treatment, and transitional housing assistance." (Appellant Brief at 13).

Bernard's argument goes too far. The district court said that she had received treatment, but never specified the type or when she had received it. (R. 140, Supervised Release Violation Hearing, at 25). And the court recognized Bernard's argument that her behavior stemmed from addiction brought on by mental health struggles. Bernard's defense counsel told the court at the supervised release violation hearing that "she had done inpatient back about, in 2015" and suggested that if the court sent her back, her results "could look different this time." (R. 140, Supervised Release Violation Hearing, at 17).

The court, which had handled Bernard's case since her original sentencing, simply rejected the argument. The court stated that

> as appealing as the argument from the defense is that Ms. Bernard is an addict with mental health issues, what emerges from the full picture here is that she's simply someone who has despite whatever other issues she may have, she is somebody who has put herself on the wrong side of the law time and time again.

(R. 140, Supervised Release Violation Hearing, at 25). The court did not suggest that Bernard had received treatment since 2016 or that she had attended precisely the sort of treatment that her counsel recommended. To suggest otherwise is speculative.

Bernard relies on two cases to argue that the district court's decision was procedurally unreasonable. In *Adams*, we found a sentence to be procedurally unreasonable when the district court relied on the government's unsupported statement that drug addicts needed 18 months to "reset" their brains for effective future treatment. 873 F.3d at 519. The court laid out a two-part

test to determine whether a sentence is procedurally unreasonable in this context: "(1) whether the [] contested propositions are materially false or unreliable; and (2) whether they were 'important factors' in calculating [the defendant's] sentence, such that [the] sentence may have been different in their absence." *Id.* at 518. We found that the government's bare assertions that addicts needed 18 months for their brains to reset was unreliable "because it is an unsubstantiated assertion that has the veneer of accuracy due to its supposed status as a product of scientific research." *Id.* at 519. But the government provided no supporting evidence of this timeline. *Id.* at 519 n.3. And the district court in *Adams* had explicitly relied on this information in sentencing, telling the defendant that he needed an 18-month sentence "to *reset.*" *Id.* at 519 (emphasis in original).

Here, the district court did not rely on any erroneous facts. It's not even clear that the court drew the erroneous inferences that Bernard alleges. The district court never said that Bernard had attended rehab during supervised release or that she had attended the type of rehab her counsel recommended. The court acknowledged the argument that Bernard struggled with addiction and mental health problems but found that her recidivism was enough to justify a custodial sentence. (R. 140, Supervised Release Violation Hearing, at 25 ("[Bernard's] real problem this morning is that she was in possession of drugs that she intended to distribute.").)

Bernard also cites *United States v. Smith* to support her argument. 400 F. App'x 96 (7th Cir. 2010). In *Smith*, the district court extensively discussed socio-political events outside the scope of the record while sentencing the defendant. *Id*. at 98 (linking the defendant to "a grand criminal enterprise" that was "ruining Mexico" and remarking on "President Obama's visits with Mexican President Felipe Calderon, Mexican gangs, border violence, and the high kidnaping rates in Arizona, concluding that 'this is all created by people like you'"). The Seventh Circuit found that the "district court's comments at sentencing ventured too far from the record and provided an

insufficient factual basis for its sentencing determination." *Id.* at 99. It emphasized that although "sentencing is an individual, and at times idiosyncratic, process," it is "inappropriate to blame [the defendant] for issues of broad local, national, and international scope that only tangentially relate to his underlying conduct." *Id.* (internal citation omitted).

That's not our situation. The court did not stray from the facts of Bernard's specific case. Rather, the court found those facts were not sufficient to overcome the judgment that Bernard had chosen to repeatedly engage in crime. This was hardly an unreasonable conclusion. Bernard had a history of treatment. She also consistently tested negative on her drug tests. And she repeatedly either possessed or sold large drug amounts. There is no evidence to suggest the district court erred, much less plainly, when it found that "this is not a case of a sick addict who cannot rid herself of the demon of drugs for her personal use," but rather a drug dealer who has "put herself on the wrong side of the law time and time again." (R. 140, Supervised Release Violation Hearing, at 25).

### B. Whether the Sentence Was Substantively Unreasonable

In determining whether a sentence is substantively reasonable, "[w]e must take into account the totality of the circumstances." *Adams*, 873 F.3d at 517 (internal quotation marks and citations omitted). A "sentence within the applicable Guidelines range is accorded a presumption of [substantive] reasonableness." *Id.* (alteration in original) (internal quotation marks and citations omitted); *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018). The presumption, however, is rebuttable and is not binding. *Adams*, 873 F.3d at 520 (citing *Rita v. United States*, 551 U.S. 338, 347 (2007)); *see United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007).

A sentence is substantively unreasonable if "the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives

an unreasonable amount of weight to any pertinent factor.'" *Price*, 901 F.3d at 749 (quoting *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009)). Although the court must consider the relevant sentencing factors, "a district court does not commit reversible error simply by 'attach[ing] great weight' to a few factors." *United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) (alteration in original) (quoting *Gall*, 552 U.S. at 57). A sentence should not be overturned just because the appellate court would balance the factors differently than the district court did. *United States v. Gardner*, 32 F.4th 504, 532 (6th Cir. 2022) ("Our review 'looks to whether the sentence is reasonable,' not to whether we 'would have imposed the same sentence' in the first instance." (internal citation omitted)).

Here, the district court extensively discussed the factors leading to Bernard's sentence. The seriousness of the offense, combined with Bernard's pattern of re-offending and the lack of evidence that addiction had driven her actions, led the court to impose a custodial sentence. In the court's words, "prior efforts of dealing with Ms. Bernard's addiction have been attempted and her continuing violations of the law to this Court don't seem to be simply a product of addiction, but a calculated decision to be on the wrong side of the law for the wrong reasons." (R. 140, Supervised Release Violation Hearing, at 26).

Bernard's sentence is like the one that we found substantively reasonable in *Price*. 901 F.3d at 752. In that case, the defendant argued that it was unreasonable for the court to revoke a term of supervised release and impose a 24-month sentence where he was eligible for inpatient substance abuse treatment. *Id.* at 751. Price had repeatedly violated the terms of his supervised release, both by using and possessing cocaine. *Id.* The district court considered Price's request for treatment, but found that concerns about "public safety, accountability, and breach of trust outweighed" the benefits of providing him with treatment. *Id.* at 752. In upholding the district

court's sentence, we noted that Price's "argument that the sentencing factors should have been balanced differently is not sufficient to rebut [the] presumption" of substantive reasonableness given a within-Guidelines sentence. *Id.*

The district court judge here acknowledged his "preference for finding noncustodial ways of addressing violations of the law," but dismissed those as inadequate in this case. (R. 140, Supervised Release Violation Hearing, at 25). He also explained that Bernard's sentence was imposed in response to her status as a drug *dealer* rather than a drug *user.* (R. 140, Supervised Release Violation Hearing, at 25). As such, the court explained why it was imposing a custodial sentence.

Finally, there is nothing to suggest that the length of the sentence was unreasonable. Although 24 months was the statutory maximum sentence, it was at the low end of the Guidelines range. Because it was within the Guidelines range, we accord the sentence a presumption of reasonableness. *Adams*, 873 F.3d at 517. Bernard claims that the court did not tie the length of her sentence to anything but her choice to be on the wrong side of the law. (Appellant Brief at 18). But the court's reasons for imposing its sentence included the serious nature of Bernard's crimes, the failure of previous attempts to address her addiction, and her recidivism.

Here, the district court acted well within its discretion in imposing Bernard's sentence. Bernard no doubt is unhappy with how the district court balanced the sentencing factors. But as this court has repeatedly made clear, that will not lead us to overturn the sentence.

## IV. Conclusion

For the reasons laid out above, we affirm the sentence imposed by the district court.

9