14-47-cr
*United States v. Rodriguez*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2014
No. 14-47-cr

UNITED STATES OF AMERICA,
*Appellee*,

*v.*

SAMUEL RODRIGUEZ,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: DECEMBER 10, 2014
DECIDED: DECEMBER 24, 2014

Before: CABRANES, WESLEY, and HALL, *Circuit Judges.*

This appeal presents the question of whether 18 U.S.C. § 3583(h), which covers the calculation of the maximum term of supervised release following revocation of a previous term of supervised release, requires that the term be reduced by all prior post-revocation terms of imprisonment imposed on the same underlying offense, or by only the most-recent term of imprisonment.

We hold that, when imposing the maximum term of supervised release following revocation of a previous term of supervised release, 18 U.S.C. § 3583(h) requires that the term be reduced by all post-revocation terms of imprisonment imposed with respect to the same underlying offense, not only by the most-recent term of imprisonment.

Accordingly, we **REMAND** the cause to the District Court (Paul G. Gardephe, *Judge*) for the limited purpose of entering a judgment that reduces defendant's term of supervised release by 128 days.

———

MATTHEW KELLER (Joseph A. Grob, *on the brief*), Joseph A. Grob, P.C., New York, NY, *for Defendant-Appellant*.

MICHAEL D. MAIMIN (Brian A. Jacobs, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for

2

the Southern District of New York, New York, NY, *for Appellee*.

––––––––––

JOSÉ A. CABRANES, *Circuit Judge*:

This appeal presents the question of whether 18 U.S.C. § 3583(h), [1] which covers the calculation of the maximum term of supervised release following revocation of a previous term of supervised release, requires that the term be reduced by all prior post-revocation terms of imprisonment imposed on the same underlying offense, or by only the most-recent term of imprisonment.

We hold that, when imposing the maximum term of supervised release following revocation of a previous term of supervised release, 18 U.S.C. § 3583(h) requires that the term be reduced by all post-revocation terms of imprisonment imposed with

---

[1] The statute at issue reads as follows:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C § 3583(h).

respect to the same underlying offense, not only by the most-recent term of imprisonment.

Accordingly, we **REMAND** the cause to the District Court for the limited purpose of entering a judgment that reduces defendant's term of supervised release by 128 days.

## BACKGROUND

Defendant Samuel Rodriguez appeals the December 23, 2013, judgment of the District Court revoking his term of 20 months' supervised release and sentencing him to a two-year term of imprisonment, to be followed by a one-year term of supervised release.

To understand the basis of defendant's appeal, a brief account of his recent criminal history is required. In 2009, Rodriguez pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g),[2] and one count of making false statements in a matter within the jurisdiction of the United States, in violation of 18 U.S.C. § 1001.[3] Thereafter, Judge Gardephe sentenced

---

[2] 18 U.S.C. § 922(g) provides, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[3] 18 U.S.C. § 1001(a) provides, in relevant part:

Rodriguez principally to a 28-month term of imprisonment on each count, to run concurrently, followed by the maximum statutory three-year term of supervised release (the "2009 sentence").

On October 6, 2010, Rodriguez completed his term of imprisonment and commenced his period of supervision by the United States Probation Office ("Probation Office"). On March 1, 2012, the Probation Office submitted to the District Court a petition alleging that Rodriguez had violated several conditions of his supervised release and requesting the issuance of a bench warrant for his arrest and revocation of his supervised release. On June 12, 2012, Rodriguez was arrested and subsequently detained. On July 19, 2012, Rodriguez admitted to violating the conditions of his supervision and on October 17, 2012, Judge Gardephe revoked his supervised release and sentenced him to time served following this latest arrest—*i.e.*, 128 days' imprisonment. Judge Gardephe also imposed a new term of 20 months' supervised release, with the special condition that Rodriguez complete 18 of the 20 months at a

---

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title [or] imprisoned not more than 5 years . . . .

residential substance abuse and mental health treatment facility (the "2012 sentence").

On March 19, 2013, the Probation Office filed a petition alleging that Rodriguez had violated several conditions of his second term of supervised release. Judge Gardephe issued a summons ordering Rodriguez to appear in Court and, after he failed to appear, Rodriguez was once again arrested and thereafter detained on May 1, 2013. On June 24, 2013, Rodriguez appeared before Judge Gardephe and admitted to violating the terms of his release. On December 23, 2013, Judge Gardephe revoked Rodriguez's supervised release and sentenced him to a term of two-years' imprisonment[4] to be followed by a new term of one-year of supervised release, with the special condition that Rodriguez

---

[4] Rodriguez was sentenced to the two-year term of imprisonment pursuant to 18 U.S.C. § 3583(e). The statute authorizes a sentencing court to revoke a defendant's supervised release and require the defendant to "serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony . . . . "

complete that one-year term at a residential drug treatment center (the "2013 sentence"). Rodriguez now challenges the 2013 sentence.[5]

On appeal, defendant argues (1) that the District Court violated 18 U.S.C. § 3583(h) when it failed to reduce the one-year term of supervised release in the 2013 sentence by the aggregate prison terms imposed for all post-conviction violations (*i.e.*, 128 days from his 2012 sentence and two years from his 2013 sentence), and (2) that the District Court exceeded its sentencing discretion in its 2013 sentence by ordering Rodriguez's new one-year term of supervised release to be served in a mandatory residential substance abuse treatment center.

## DISCUSSION

### I. 18 U.S.C. § 3583(h)

Rodriguez concedes that he did not object to his 2013 sentence when it was imposed, and thus we review for plain error. Under

---

[5] The following table illustrates Rodriguez's various sentences:

|  | Term of Imprisonment | Term of Supervised Release |
|---|---|---|
| **2009 Sentence** | 28 months (for each count to run concurrently) | 3 years |
| **2012 Sentence** | 128 days (for time served) | 20 months (18 of which were to be served in a residential substance abuse and mental health treatment facility) |
| **2013 Sentence** | 2 years | 1 year (to be served at a residential drug treatment center) |

7

plain error review, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). The imposition of a sentence that exceeds the statutory maximum qualifies as plain error. *See United States v. Cadet*, 664 F.3d 27, 33 (2d Cir. 2011).

Rodriguez argues, and the Government agrees, that the District Court erred in sentencing him in 2013 to an additional one-year term of supervised release because such a term does not properly account for the aggregated prison terms Rodriguez has served after repeatedly violating his supervised release requirements.[6] Under 18 U.S.C. § 3583(h), when a district court imposes a new term of supervised release after a violation of supervised release, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised

---

[6] In its brief, the Government conceded that "Rodriguez is correct that the one-year term of supervised release Judge Gardephe imposed in connection with his second violation should be reduced by 128 days." Appellee's Br. at 14.

8

release, *less any term of imprisonment that was imposed upon revocation of supervised release*." (emphasis supplied).

Although the statute does not explicitly require aggregation of all post-revocation terms of imprisonment imposed as a result of the same underlying offense, every circuit that has considered this issue has concluded that such aggregation is required. *See*, *e.g.*, *United States v. Zoran*, 682 F.3d 1060, 1063 (8th Cir. 2012) (requiring aggregation of all post-revocation terms of imprisonment imposed on the same underlying offense); *United States v. Vera*, 542 F.3d 457, 462 (5th Cir. 2008) (holding  that under § 3853(h) the maximum allowable supervised release imposed following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation); *United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002) (concluding that "any term of imprisonment" must include "all postrevocation terms of imprisonment imposed with respect to the same underlying offense.").

We agree with our sister circuits. This conclusion turns on the meaning of the word "any" in the statute. If we interpret "any" to include multiple terms of imprisonment then we would aggregate the various post-revocation prison sentences before subtracting that amount of time from a defendant's newly-imposed supervised release term.  On the other hand, if we interpret "any" in a more limited manner, then a defendant would only have the prison term imposed after the most recent revocation subtracted from his supervised release term.

The Fourth Circuit, in *United States v. Maxwell*, persuasively adopted the former interpretation, explaining:

> When the word "any" is properly read in its § 3583(h) statutory context, *Webster's Third New International Dictionary* provides that the word "any" means "all." *See id*. at 97 (2d ed. 1981). Specifically, *Webster's Third New International Dictionary* provides that when the word "any" is "used as a function word to indicate the maximum or whole of a number or quantity," for example, "give me [any] letters you find" and "he needs [any] help he can get," the word "any" means "all." *Id*. Here, the word "any" in the phrase "*less any* term of imprisonment that was imposed upon revocation of supervised release," § 3583(h) (emphasis added), is obviously used as a function word to indicate the maximum or whole of a number or quantity just as the word "any" is used in the dictionary examples quoted above.

285 F.3d at 341. Thus, a plain reading of the reference to "any term of imprisonment" in the statute must include the prison term in the current revocation sentence together with all prison time served under any prior revocation sentences imposed with respect to the same underlying offense.

Applying this reading of the statute to the case at hand, the maximum term of supervised release for Rodriguez's underlying

offenses as part of the original 2009 sentence is three years.[7] Pursuant to our interpretation of 18 U.S.C. § 3583(h), his term of supervised release must be reduced by "any term of imprisonment" thereafter imposed upon revocation of his supervised release, which adds up to two years and 128 days (two years from the 2012 sentence plus 128 days from the 2013 sentence). Thus, the maximum term of supervised release that the District Court could impose on Rodriguez in connection with his most recent violation is 237 days, or three years minus two years and 128 days. By imposing a term of supervised release of one year, the District Court's sentence exceeded by 128 days the 237-day supervised release term still available under the statutory maximum for Rodriguez's offenses. This constitutes plain error.

Byzantine as this may seem, this analysis is required under our current sentencing regime. Accordingly, we remand the case to the District Court for the limited purpose of reducing the defendant's term of supervised release by 128 days.

---

[7] The two underlying offenses in the original 2009 sentence each have a maximum term of supervised release of three years. 18 U.S.C. § 3583(b)(2) ("Except as otherwise provided, the authorized terms of supervised release are . . . for a Class C or Class D felony, not more than three years . . . ."). The 18 U.S.C. § 922(g) felon-in-possession offense is a Class C felony, *see* 18 U.S.C. §§ 924(a)(2) and 3559(a)(3), while the 18 U.S.C. § 1001(a) false statement offense is a Class D felony. *See* 18 U.S.C. §§ 1001(a) and 3559(a)(4).

## II. Special Condition of Residential Drug Treatment

Rodriguez also contends that the District Court exceeded its discretion by ordering that his one-year term of supervised release (now reduced by 128 days to 237 days) be served in a residential drug treatment center. But Rodriguez is barred from challenging this condition on appeal as he affirmatively and repeatedly requested that the District Court impose residential drug treatment as a special condition of supervised release, and he did not object when the District Court granted his request. Rodriguez may not "evade the consequences of an unsuccessful tactical decision" by appealing the results of that decision. *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991); *see also United States v. Yu–Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) ("If . . . [a] party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review."); *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (holding that a defendant's tactical decision to concede to one type of sentence waives a claim of plain error to that particular sentence); *cf. New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (holding that "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position").

Accordingly, the District Court did not err when it ordered that Rodriguez's term of supervised release be served in a residential drug treatment center.

## CONCLUSION

To summarize: We hold that, when imposing the maximum term of supervised release following revocation of a previous term of supervised release, 18 U.S.C. § 3583(h) requires that the term be reduced by all post-revocation terms of imprisonment imposed with respect to the same underlying offense, not only by the most-recent term of imprisonment.

Accordingly, for the reasons set forth above, we **REMAND** the cause to the District Court for the limited purpose of entering a judgment that reduces Rodriguez's term of supervised release by 128 days.