*U.S. v. Ndaula*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand nineteen.

PRESENT:
>JOHN M. WALKER, JR.,
>SUSAN L. CARNEY,
>>*Circuit Judges*,
>JOHN G. KOELTL,
>>*District Judge.**

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                    No. 18-636

ALEXANDER NDAULA,

>*Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:          MICHAEL KEITH BACHRACH, Law Office of Michael K. Bachrach, New York, NY.

---

* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                                    FRANK TURNER BUFORD (Amy Busa, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is remanded for resentencing.

Defendant-Appellant Alexander Ndaula appeals from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*), sentencing him to two years of imprisonment, followed by an additional two years of supervised release, for violating the conditions of his supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to remand the cause for resentencing.

Both parties agree that a remand for resentencing is required because the sentence imposed by the District Court did not comply with 18 U.S.C. § 3583(h).[1] Section 3583(h) provides that the length of a post-revocation term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Here, Ndaula's original three-year term of supervised release resulted from his conviction of two federal Class C felonies, each of which carries a maximum three-year term of supervised release. *See* 18 U.S.C. § 3583(b)(2). The District Court, however, imposed a four-year post-revocation sentence on Ndaula—*i.e.*, two years of imprisonment followed by an additional two years of supervised release—to run "concurrent on all

---

[1] In their appellate briefs, Ndaula and the government appeared to disagree over the scope of the remand, with Ndaula requesting a remand for resentencing and the government requesting a remand for "further proceedings to clarify the record." Gov't Br. 10. At oral argument, however, the government clarified that it does not oppose Ndaula's request for resentencing.

violations." App'x 257.[2] This four-year sentence was not permitted by section 3583(h). Because the District Court plainly erred by imposing "a sentence that exceeds the statutory maximum," we agree with the parties that "a remand for resentencing is required." *United States v. Cadet*, 664 F.3d 27, 33-34 (2d Cir. 2011).[3]

\* \* \*

For the foregoing reasons, the cause is **REMANDED** for resentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The government contends that the District Court's sentence would have complied with 18 U.S.C. § 3583(h) if the District Court had imposed the two-year term of imprisonment on one of the two counts of conviction and then imposed the two-year term of supervised release on the other count. The District Court gave no indication, however, that this was its intent. We offer no view here on the lawfulness of such a hypothetical sentence.

[3] Under the plain-error standard of review, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Rodriguez*, 775 F.3d 533, 536 (2d Cir. 2014) (internal quotation marks and alterations omitted).