22-365-cr
United States v. Melendez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-three.

PRESENT:
> **PIERRE N. LEVAL,**
> **DENNY CHIN,**
> **MYRNA PÉREZ,**
>
> *Circuit Judges.*

_____

United States of America,

*Appellee,*

v.                                                                  **No. 22-365-cr**

Alex Melendez, AKA Bori B,

*Defendant-Appellant.*[*]

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | DAWN M. CARDI, Cardi & Edgar LLP, New York, NY. |
| **FOR APPELLEE:** | NICHOLAS W. CHIUCHIOLO, Assistant United States Attorney (Peter J. Davis, Stephen J. |

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Ritchin, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 16, 2022 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Alex Melendez ("Melendez") pleaded guilty to a two-count superseding information pursuant to a plea agreement with the government. Count One charged Melendez with conspiring to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Count Two charged Melendez with possession of a firearm knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and (2).

The district court sentenced Melendez principally to an above-Guidelines term of 65 months' imprisonment followed by five years of supervised release. On appeal, Melendez challenges the reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

**I.      Factual and Procedural Background**

In April 2020, Melendez and his associates attempted to execute a sham drug sale. Their plan was to sell a substance resembling cocaine to prospective buyers and flee with the profits. In order to induce the prospective buyers to enter into the sale, Melendez and his associates provided them with a 10-gram sample of cocaine.

On the evening of the transaction, Melendez and his associates met the buyers outside an apartment complex. Melendez received a white plastic bag containing approximately $33,000 from the buyers and returned to his vehicle. He then fled the scene. His associates followed in a separate vehicle. The buyers, realizing they had been deceived, began shooting. A bullet struck one of Melendez's associates in the spine. The man later died. Melendez escaped.

Approximately one month later, Melendez was involved in two traffic stops four days apart. During the second stop, the police conducted a search of the vehicle and discovered a hidden firearm. After being arrested and advised of his rights, Melendez admitted to the officers that there had been an undetected firearm in the vehicle during the first stop but disclaimed any knowledge of the firearm found during the second. Subsequent testing revealed that Melendez's DNA was on the firearm located during the second stop, which had previously been shipped and transported in interstate commerce.

In July 2021, Melendez pleaded guilty to a two-count superseding information pursuant to a plea agreement with the government. As per the plea agreement, Melendez could not appeal his sentence unless the district court sentenced him above the stipulated Guidelines range, which the parties agreed was 41 to 51 months.[1]

The district court principally sentenced Melendez to a term of 65 months' imprisonment followed by five years of supervised release. The sentence upwardly varied 24 months from the top of the Guidelines range. Explaining its sentencing decision, the district court stated that it was "foreseeable" that the result of a sham drug transaction would be "violent retaliation," something which the "sentencing guidelines, policy statements, and official commentary of the United States Sentencing Commission . . . d[o] not fully take account of." App'x at 133–34. The district court

---

[1] The parties later acknowledged that the Guidelines range stipulated to in the plea agreement was incorrect and that the presentence report correctly calculated the Guidelines range as 33 to 41 months' imprisonment.

also pointed to Melendez's previous assault conviction, and to the fact that Melendez was on parole when he committed this drug offense to support the upward variance. *Id.* at 134–35. The district court acknowledged Melendez's "many deficits in life" and the "extremely difficult circumstances" under which he was incarcerated during the pandemic, but concluded "based on all of the surrounding circumstances . . .[,] that a sentence above the advisory guidelines is appropriate in this case." *Id.* at 136.

In its statement of reasons, the district court noted it "considered all of the written submissions and arguments of the parties, as well as their oral statements," and "all the factors under section 3553(a)," the "Sentencing Guidelines, Policy Statements, and Official Commentary of the United States Sentencing Commission." *Id.* at 149, 151. It decided to upwardly vary, it explained, because the Sentencing Guidelines "do not account for the full circumstances of the [drug] offense in Count 1." *Id.* at 151. Melendez timely appealed.

**II.    Standard of Review**

"We review a challenged sentence for reasonableness." *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009) (internal quotation marks and citation omitted). The reasonableness of a sentence is reviewed "under a deferential abuse-of-discretion standard." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks and citation omitted). "This inquiry has both procedural and substantive components." *Friedberg*, 558 F.3d at 133.

"Procedural reasonableness concerns the procedures a district court employs in arriving at a sentence." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). Where, as here, a defendant fails to raise a procedural objection in the district court, we review for plain error. To show plain error, a defendant must demonstrate that:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights,

4

which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks, citations, and alteration omitted); *see also United States v. Rodriguez*, 775 F.3d 533, 536 (2d Cir. 2014). Our authority to correct plain error "should be employed 'in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Olano*, 507 U.S. 725, 736 (1993) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

Substantive reasonableness concerns the severity of a sentence. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). "Our review of a sentence for substantive reasonableness is governed by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017).

**III.    Discussion**

**A.  Melendez's sentence was procedurally reasonable.**

Melendez fails to demonstrate that the district court committed procedural error, much less plain error. Errors classed as procedural error include circumstances where the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). In addition, "where [a] sentence is outside an advisory Guidelines range, the court must also state the specific reason for the sentence imposed, in open court as well as in writing—with specificity in a statement of reasons form that is part of the judgment." *United States v. Aldeen*, 792 F.3d 247, 251–52 (2d

5

Cir. 2015) (internal quotation marks and citation omitted), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020).

Melendez contends, without citing supporting case law, that the district court plainly erred because it wrongly assumed the applicable Guidelines range did not take into consideration the violence likely to result from the sham drug transaction. According to Melendez, the Guidelines range "was driven by Count 2," which, "adequately [took] into account the circumstances about which the district court was primarily concerned: 1) violence or the threat of violence associated with guns; and 2) recidivism," and, as a result, the district court's justification "was premised on faulty reasoning." Appellant Br. at 19. This argument is simply wrong. The Guidelines offense level for Count 1, as applied to Melendez, takes into account only the weight of the sample of cocaine he provided to the buyers, not the predictable retaliatory violence associated with a sham drug transaction. *See* U.S.S.G. § 2D1.1(a)(5) and (c)(14). The Guidelines range for Count 2, as applied to Melendez, while it does appear to take into account the likelihood of violence resulting from gun possession by a person, who, prior to committing a gun possession offense, had "one felony conviction of either a crime of violence or a controlled substance offense," U.S.S.G. § 2K2.1(a)(4)(A)), does not consider the specific type of violence that concerned the district court— the heightened risk of violence likely to result from scamming drug dealers by selling them fake drugs, s*ee* U.S.S.G. § 2K2.1(a)(4)(A).

**B. Melendez's sentence was substantively reasonable.**

Although Melendez's sentence is above the Guidelines range, this is not the rare case in which the sentence imposed "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). Our review for substantive reasonableness is "particularly deferential," *United States v.*

6

*Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012), and "is governed by the factors set forth in 18 U.S.C. § 3553(a)," *Jenkins*, 854 F.3d at 187.

Applying this deferential standard of review, we identify no abuse of the district court's sentencing discretion. The district court weighed the § 3553(a) factors and provided several reasons for its sentencing decision. It imposed a 65-month sentence to account for the "full circumstances" of Melendez's decision to participate in a drug offense. App'x at 151. The district court also considered the fact that Melendez was on parole for an assault conviction connected to a drug dispute when he participated in the drug offense. Moreover, Melendez's claim that the district court did not consider his traumatic childhood, resulting mental health and substance use issues, and need for intensive mental health care is belied by the record. The district court expressly considered all of these factors and concluded that the sentence was "sufficient, but not greater than necessary," to effectuate the purposes of sentencing. 18 U.S.C. § 3553(a).

Given our deferential standard of review and the district court's consideration of the § 3553(a) factors, Melendez's sentence falls within the range of reasonable sentences in this case. Accordingly, we conclude that the district court did not abuse its discretion.

We have considered all of Melendez's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7