United States v. Gaye

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2022
No. 22-251

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

SIRE GAYE,
*Defendant-Appellant.*[*]

On Appeal from a Judgment of the United States District Court for
the Southern District of New York.

ARGUED: JUNE 15, 2023
DECIDED: AUGUST 4, 2023

Before: PARK, NARDINI, and NATHAN, *Circuit Judges*.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set
forth above.

Defendant-Appellant Sire Gaye appeals from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*). Gaye was twice sentenced for violating conditions of supervised release. The first time, he was sentenced to six months in prison plus four years of supervised release. The second time, he was sentenced to three years in prison plus five years of supervised release. We agree with the parties that this most recent sentence of supervised release was longer than allowed by statute. Under 18 U.S.C. § 3583(h), the district court was authorized to impose a term of supervised release of no more than the statutory maximum of five years for the underlying offense, minus the aggregate amount of prison time imposed for violations of supervised release. The parties disagree on the remedy. Gaye seeks *de novo* resentencing, but the government seeks only a limited remand to reduce the term of supervised release to eighteen months. We conclude that the district court should be afforded the opportunity to exercise its discretion as to how much time Gaye should spend in prison and how much time on supervised release. Accordingly, we REMAND for *de novo* resentencing.

---

> JEFFREY W. COYLE, Assistant United States Attorney (Mary E. Bracewell, Stephen J. Ritchin, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.
>
> LAWRENCE GERZOG, New York, NY, *for Defendant-Appellant*.

---

PER CURIAM:

Sire Gaye, the defendant-appellant, keeps violating his supervised release and getting sent back to prison. The cycle began in 2018, when Gaye pleaded guilty to bank fraud conspiracy and was sentenced to two months in prison followed by five years of supervised release—the maximum term of supervised release allowed by statute for his offense. In 2019, not long after leaving prison, Gaye committed three New York state crimes, so the district court sent him back to prison for six months, to be followed by four years of supervised release. In 2021, Gaye again violated various conditions of his supervised release, and this time the court sentenced him to three years in prison. It also sentenced him to five years of supervised release—but, as the parties now agree, this was too long. A new term of supervised release imposed *after* violations of supervised release cannot be longer than the statutory maximum for the offense (here, five years) less any prison time imposed as a result

3

of those violations. 18 U.S.C. § 3583(h). That means that—in light of the sentence of six months of imprisonment the district court had imposed for the prior violation—for this most recent violation, the district court had, at most, four-and-a-half years to distribute between incarceration and supervised release, no more than three years of which could go toward a prison term. Instead, the district court imposed a cumulative sentence of eight years (three years of incarceration plus five years of supervised release).

Although the parties agree this was error, they disagree about the remedy. Gaye asks for *de novo* resentencing, which would allow the district court to revisit both the prison and supervised release terms. The government consents only to a limited remand to reduce the term of supervised release to eighteen months. We remand for a *de novo* resentencing, so that the district court can exercise its discretion as to how much time Gaye should spend in prison and how much time on supervised release.

## I.    Background

In February 2018, Gaye was indicted for participating in a counterfeit check scheme. The grand jury charged him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. Gaye pleaded guilty to the bank fraud charge pursuant to a plea agreement, and the government moved to dismiss the identity theft charge. The United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) sentenced him to two months of imprisonment and a five-year term of supervised release, which was the maximum term of supervised release authorized under 18 U.S.C. §§ 1349, 1344, 3559(a)(2), and 3583(b)(1). The district court also ordered Gaye to pay $16,938.95 in restitution and a $100 special assessment.

It did not take Gaye long to re-offend. In October 2019, after serving his prison term, Gaye admitted violating his supervised release by obstructing governmental administration, in violation of

5

New York Penal Law § 195.05, and by false impersonation, in violation of New York Penal Law § 190.23. Gaye had given a false name to police officers on several occasions, despite having been warned of the consequences of providing such false information. Following Gaye's admissions, the district court revoked his term of supervised release and sentenced him to six months of imprisonment plus a four-year term of supervised release. The court added as a condition of supervised release that Gaye perform twenty hours of community service for every thirty days in which he remained unemployed. The court noted that Gaye kept failing to abide by the conditions of his supervised release and warned him that if he violated his supervised release again, he would be facing the statutory maximum sentence of three years in prison.

In 2021, Gaye was again arrested for violating his supervised release. He admitted some of the charges: failing to pay restitution, failing to complete his community service while unemployed, and

6

possessing marijuana. He did not admit other charges, which arose from an incident at an auto repair shop when Gaye became irate and pulled out a gun upon learning that the car would not be fixed as quickly as he liked. When the shop employees called 911, Gaye walked out of the shop and around the corner, hiding the gun in a nearby yard. But the police were tipped off by a neighbor and found the gun (as it turned out, with Gaye's DNA on the grip). After an evidentiary hearing, the district court found three additional charges to have been proved: possessing a loaded firearm, in violation of New York Penal Law § 265.03(1)(b); possessing a large capacity ammunition feeding device, in violation of New York Penal Law § 265.02(8); and menacing in the second degree, in violation of New York Penal Law § 120.14(1).

In the judgment from which Gaye now appeals, the district court revoked Gaye's supervised release and sentenced him to three years in prison and five years on supervised release. The district court

noted that these supervised-release violations were not Gaye's first and that restitution was an essential aspect of Gaye's sentence. The district court said that it would impose the new term of supervised release with the goal of keeping Gaye under the supervision of the court until he paid restitution. The court also found that Gaye had violated the conditions of his supervised release "in a particularly dangerous way" and "shown himself to be absolutely incorrigible." App'x at 100. It concluded that "no sentence less than the statutory maximum would be sufficient to take care of this problem." *Id.*

## II. Discussion

On appeal, Gaye challenges the procedural and substantive reasonableness of his sentence. We review all sentences under a deferential abuse-of-discretion standard. *United States v. Osuba*, 67 F.4th 56, 65 (2d Cir. 2023). To satisfy our procedural review, a trial court may not impose a sentence that exceeds the statutory maximum. *United States v. Rivera*, 799 F.3d 180, 187 (2d Cir. 2015). When a defendant does not contemporaneously object to a term of

supervised release, our review is limited to plain error. *See United States v. Rodriguez*, 775 F.3d 533, 536 (2d Cir. 2014). "[A] sentence that exceeds the statutory maximum qualifies as plain error." *United States v. Cadet*, 664 F.3d 27, 33 (2d Cir. 2011). If we conclude that a sentence is not procedurally reasonable, we need not consider whether it was substantively reasonable. *Rivera*, 799 F.3d at 187.

We begin with our procedural review. When a district court revokes a term of supervised release following a violation and imposes a new term of supervised release, "[t]he length of such a term . . . shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). The maximum term of supervised release that can be imposed following multiple revocations must be reduced by the aggregate length of all terms of

9

imprisonment imposed following those revocations. *Rodriguez*, 775 F.3d at 534.

We agree with the parties that, paired with the three-year prison term that the court ordered here, it was plain error to also impose a five-year term of supervised release. The maximum term of supervised release authorized for conspiracy to commit bank fraud—the offense that resulted in Gaye's original term of supervised release—was five years. *See* 18 U.S.C. §§ 1349, 1344, 3559(a)(2), 3583(b)(1). The district court had earlier imposed a six-month prison term for the first revocation of Gaye's supervised release, and now imposed a three-year prison term for his second. This adds up to an aggregate of forty-two months in prison "upon revocation of supervised release." 18 U.S.C. § 3583(h); *Rodriguez*, 775 F.3d at 534. Gaye thus faced a new term of supervised release that, in light of the imposed three-year-term of imprisonment, could be no longer than eighteen months—that is, the remaining difference between the sixty-

month statutory maximum and the total forty-two months he had been sentenced to prison as a result of violating his supervised release. His new five-year term of supervised release exceeded this remaining cap of eighteen months, and it was therefore plainly erroneous.

Although the parties agree there was plain error, they disagree on the remedy. Gaye contends that a remand for *de novo* resentencing is required because it is not clear how the district court would have allocated the terms of imprisonment and supervised release had it understood the bounds set by § 3583(h). The government, by contrast, advocates for a limited remand with the direction that the district court reduce Gaye's term of supervised release to a term of eighteen months. It argues that the error with respect to the term of supervised release can be corrected without "undo[ing] the sentencing calculation as a whole," Gov't Br. at 18 (quoting *United States v. Quintieri*, 306 F.3d 1217, 1228 n.6 (2d Cir. 2002)). Pointing to

11

the district court's statement that "no sentence less than the statutory maximum would be sufficient," *id.* at 18–19 (quoting App'x at 100), the government contends that nothing in the record indicates that the district court would have reduced the length of Gaye's prison term in order to increase his term of supervised release.

On this point, we agree with Gaye. Although our "default rule" favors a limited remand when we overturn a sentence without vacating an underlying conviction, *United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013), we have recognized that, under certain circumstances—including where the reversal of a sentence "undoes the entire knot of calculation"—*de novo* resentencing is required. *Quintieri*, 306 F.3d at 1228 (internal quotation marks omitted). Upon our review of the record, we cannot say with certainty whether pulling at the thread of supervised release unravels the entire knot of sentencing. To be sure, the record fully supported the district court's observation that, by the time of sentencing, Gaye "ha[d] shown

himself to be absolutely incorrigible and incapable of following the directions of the Court." App'x at 100. Understandably, the district court reasoned that "no sentence less than the statutory maximum would be sufficient" under the circumstances. *Id.* But the record does not reflect whether that statement referred specifically to the statutory maximum term of imprisonment or the statutory maximum term of supervised release. And the district court elsewhere stated that it was going to make an exception to its normal policy of not reimposing supervised release to follow a lengthy revocation sentence and was imposing "the statutory maximum [term] of supervised release" in order to keep a "thumb right on [Gaye]" until he paid his restitution. *Id.* at 97.

In other words, it was clear that the district court sensibly wanted to order both the longest possible prison sentence and the longest possible period of supervised release. But in the unusual procedural posture of this case—a second violation of supervised

13

release—that choice was a zero-sum affair. Under § 3583(h), the maximum allowable term of supervised release upon revocation decreased in direct proportion to the term of imprisonment imposed. With a three-year prison sentence, Gaye faced at most eighteen months of supervised release. For every month above an eighteen-month term of supervised release, the court would have needed to shave a month off the three-year prison term. Because the district court's comments suggest that it wanted to maximize both the prison term and the supervised release term, we cannot say with confidence how the district court would have resolved this trade-off, particularly given the emphasis the court placed on ensuring Gaye meets his restitution obligations through supervised release. We conclude that the sentencing calculation is best left to the informed discretion of the district court, so that it may decide in the first instance how to strike the right balance. Accordingly, we remand for *de novo* resentencing so that the district court can exercise the full scope of its discretion,

within the bounds of § 3583(h). Because we remand for a full resentencing, we decline to reach Gaye's argument that the sentence imposed was substantively unreasonable. *See Rivera*, 799 F.3d at 187.

III.    Conclusion

In sum, we hold that the district court plainly erred by imposing a term of supervised release that exceeded the statutory maximum authorized under 18 U.S.C. § 3583(h). Under the circumstances of this case, *de novo* resentencing is appropriate. We therefore **REMAND** for *de novo* resentencing consistent with this opinion.