*United States v. Wilson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> > *Circuit Judges*,
> RAMÓN E. REYES, JR.,
> > *District Judge*.[1]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                     No. 23-6977

ROBERT WILSON,

> *Defendant-Appellant*.

_____

---

[1] Judge Ramón E. Reyes, Jr., of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendant-Appellant:  MEGAN WOLFE BENETT, Kreindler & Kreindler, LLP, New York, NY.

For Appellee:  ANDREW D. REICH (Nicholas J. Moscow, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 11, 2023 judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Robert Wilson appeals from a judgment of conviction following his guilty plea to assaulting three court security officers ("CSOs") during an altercation at the federal courthouse in Central Islip, New York, in violation of 18 U.S.C. § 111(a)(1) and (b). The district court sentenced Wilson to eighteen months' imprisonment, to be followed by three years' supervised release, which included the mandatory conditions of supervised release required under 18 U.S.C. § 3583(d), the standard conditions recommended under section 5D1.3(c) of the United States Sentencing Guidelines (the "Guidelines"), and three special

conditions.[2]   On appeal, Wilson solely challenges the imposition of the special

and standard conditions of supervised release.   We assume the parties'

familiarity with the underlying facts, procedural history, and issues on appeal.

We ordinarily review challenges to conditions of supervised release for

abuse of discretion.   *See United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019).   But

when "a defendant has notice that a condition of supervised release will be

imposed and fails to object," our review is confined to plain error.   *United States*

*v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025).   To establish plain error, a defendant must

show "(1) there is an error; (2) the error is clear or obvious, rather than subject to

reasonable dispute; (3) the error affected the [defendant's] substantial rights; and

(4) the error seriously affects the fairness, integrity[,] or public reputation of

judicial proceedings."   *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020)

(internal quotation marks omitted).   The defendant bears the burden of

establishing each of these elements.   *See United States v. Dussard*, 967 F.3d 149, 156

(2d Cir. 2020).   We have warned that "reversal for plain error should be used

---

[2] The three special conditions required that Wilson (1) provide the U.S. Probation Office with full disclosure of his financial records and not open financial accounts without Probation's approval, (2) refrain from contacting victims of the offense, and (3) participate in a mental-health treatment program as approved by Probation.   The district court also ordered restitution in the amount of $1,499.

sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted).

We have also held that when a defendant "actively solicits or agrees to a course of action that he later claims was error," he waives such challenge on appeal. *United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015). A true waiver "extinguishes the claim altogether" and "will negate even plain error review." *United States v. Kon Yu-Leung*, 51 F.3d 1116, 1121–22 (2d Cir. 1995) (internal quotation marks omitted).

Wilson first argues that the district court failed to justify the imposition of the three special conditions at sentencing. Our caselaw is clear that "[a] district court retains wide latitude in imposing conditions of supervised release[.]" *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008). Special conditions of supervised release must be "reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and [be] consistent with pertinent Sentencing Commission policy statements." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (alterations accepted and internal quotation

marks omitted).  The relevant sentencing factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct[,] to protect the public from further crimes of the defendant[,] [and] to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(B)–(D).

We have explained that "[a] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it[.]"  *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).  Nevertheless, if the district court does not provide such an explanation, we may still uphold the condition imposed "if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks omitted).

With respect to the mental-health condition, Wilson's counsel explicitly offered that "treatment for his . . . mental health issues at the VA . . . could also be a condition of supervised release."  App'x at 84.  We have previously held that a defendant is "barred from challenging" a condition of supervised release when he

"affirmatively . . . requested" that the district court impose that condition. *United States v. Rodriguez*, 775 F.3d 533, 537 (2d Cir. 2014). Accordingly, we conclude that Wilson has waived any challenge to the imposition of the mental-health condition. *See United States v. Thompson*, 143 F.4th 169, 177 (2d Cir. 2025) ("A defendant who expresses agreement with a special condition of supervised release waives any challenge to that condition on appeal.").

Although the remaining two special conditions – the financial-disclosure and victim-contact conditions – were read aloud to Wilson at sentencing, he did not object, thus limiting our review to plain error. *See Lewis*, 125 F.4th at 75. While it is true that the district court did not explain its rationale for imposing either condition, we conclude that "the district court's reasoning is self-evident in the record." *Betts*, 886 F.3d at 202 (internal quotation marks omitted). Specifically, the financial-disclosure condition was "justified by the need to ensure that [Wilson] complies with the monthly payment schedule for [his] court-ordered restitution." *Lewis*, 125 F.4th at 75. Indeed, the Guidelines explicitly recommend a condition that requires a defendant to provide the U.S. Probation Office with access to requested financial information when the court imposes restitution. *See* U.S.S.G. § 5D1.3(d)(3). What's more, we have explained that conditions

recommended by the Guidelines are "necessary to the administration of supervised release" and thus "presumed suitable in all cases." *United States v. Sims*, 92 F.4th 115, 119 n.1 (2d Cir. 2024) (internal quotation marks omitted).

The reasons for the district court's imposition of a victim-contact condition are similarly self-evident in the record. Wilson himself concedes that the condition "may have a basis in the record given the offense conduct[.]" Wilson Br. at 20. As documented in the presentence investigation report (the "PSR"), Wilson attacked a CSO "by grabbing the back of his neck, forcing him to the ground, and punching him several times in the side ribcage area." PSR ¶ 5. And when two other CSOs attempted to detain Wilson, he "physically resisted those efforts," injuring those CSOs. *Id.* Accordingly, we do not hesitate to conclude that the victim-contact condition was amply justified by the need to protect Wilson's victims from any future attacks, particularly in light of Wilson's long history of violent conduct and threats towards public officials. *See* 18 U.S.C. § 3583(c); *id.* § 3553(a)(1), (a)(2)(C).

Wilson next argues that the district court erred by failing to orally pronounce the standard conditions of supervised release. Because Wilson "lacked prior notice in the district court that the [standard conditions] would be

imposed," we review his challenge *de novo* even though he "failed to raise an objection in the district court." *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018).

Subsequent to Wilson's sentencing, we held that "a sentencing court intending to impose non-mandatory conditions of supervised release, including the 'standard' conditions described in [section] 5D1.3(c), must notify the defendant during the sentencing proceeding," either by reading the conditions aloud or "expressly adopt[ing] or specifically incorporat[ing] by reference particular conditions that have been set forth in writing and made available to the defendant in the PSR, the Guidelines, or a notice adopted by the court." *United States v. Maiorana*, No. 22-1115, 2025 WL 2471027, at *6 (2d Cir. Aug. 28, 2025) (*en banc*). Here, there is no dispute that the district court made no reference to the standard conditions, either expressly or by reference to another document at the sentencing proceeding. We therefore remand "with instructions to vacate these portions of the judgment." *Id.*; *see also id.* at *6 n.13. "[I]f the [d]istrict [c]ourt intends to impose [the standard conditions] in the revised judgment, it must convene a hearing in the presence of [Wilson] and must advise [him] that those conditions will be imposed, either through a full recitation or through the express adoption

of particular conditions that have been set forth in writing and made available to [Wilson] in the PSR, the Guidelines, or a notice adopted by the court." *Id.* at *6. We note, however, that Wilson may waive such a resentencing hearing. *See id.* at *6 n.14.

\*     \*     \*

For the foregoing reasons, we **AFFIRM** in part and **VACATE** in part the judgment of the district court and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court