25-946-cr
*United States v. Cooke*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-six.

PRESENT:   DENNY CHIN,
           EUNICE C. LEE,
           ALISON J. NATHAN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*


           -v-                                          25-946-cr

WILLIAM COOKE,
                    *Defendant-Appellant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                      SEAN C. ELDRIDGE, Assistant United States
                                   Attorney (Charles M. Kruly, Assistant United
                                   States Attorney, *on the brief*), *for* Michael
                                   DiGiacomo, United States Attorney for the
                                   Western District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:     JAY S. OVSIOVITCH, Federal Public
Defender's Office, Western District of New
York, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED**.

Defendant-appellant William Cooke appeals from a judgment entered in the United States District Court for the Western District of New York (Geraci, *J.*) convicting him, following his plea of guilty, of one count of violating the terms and conditions of his supervised release. The district court sentenced Cooke to time served followed by 32 months of supervised release on the same terms as previously imposed, with the additional conditions that (1) he undergo a mental health evaluation and receive treatment if recommended, and (2) he "participate in a mentoring program as [his] attorney suggested." Joint App'x at 54. As relevant here, that latter condition in the written judgment reads: "The defendant shall participate in and complete a mentorship program if deemed necessary by the Court or Probation Officer." *Id.* at 60. On appeal, Cooke challenges only the mentorship condition, arguing that: (1) the condition lacks a reasonable relationship to his conviction; (2) the condition is vague as imposed; and (3) the written judgment improperly delegated sentencing authority to a

2

probation officer. As discussed further below, the government consents to a limited remand. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"Generally, we review conditions of supervised release for abuse of discretion." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam). But where, as here, a defendant "is on notice that a condition of supervised release will be imposed and fails to object," we review for plain error. *United States v. Lewis*, 125 F.4th 69, 74 (2d Cir. 2025) (per curiam). "To establish plain error, a defendant must show (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation modified).

First, Cooke argues that the mentorship special condition was not reasonably related to his conviction and therefore must be vacated. We conclude, however, that Cooke has waived any such challenge to the condition.[1] At his sentencing, defense counsel asked that Cooke be placed in a mentorship program

---

[1] Notably, the government does not argue on appeal that Cooke has waived *all* challenges to the mentorship special condition. *See United States v. Thompson*, 143 F.4th 169, 177 (2d Cir. 2025) ("A defendant who expresses agreement with a special condition of supervised release waives any challenge to that condition on appeal."). Indeed, the government instead agrees that a limited remand is appropriate.

3

because such a program would "assist him in more of a comprehensive way." Joint App'x at 50. And when the district court offered to impose a mentorship special condition, defense counsel responded "sure." *Id.* Later, when the district court imposed as a special condition that he "participate in a mentoring program as [his] attorney suggested," Cooke did not object. *Id.* at 54. Cooke's solicitation of, and agreement to, the condition constitutes a waiver of this first argument. *See United States v. Thompson*, 143 F.4th 169, 177 (2d Cir. 2025); *United States v. Rodriguez*, 775 F.3d 533, 537–38 (2d Cir. 2014).

Second, the parties agree that the oral pronouncement of the condition was impermissibly vague. We also agree. The district court's instruction that Cooke "participate in a mentoring program as [his] attorney suggested," Joint App'x. at 54, without more, is insufficient.[2] A condition is unconstitutionally vague "if [persons] of common intelligence must necessarily guess at its meaning and differ as to its application." *Green*, 618 F.3d at 122 (citation modified). While the details of a condition need not be "cast in letters six feet high, or describe every possible permutation, or spell out every last, self-evident detail," they must be sufficiently clear as to what conduct will result in a violation. *Id.* at 123 (citation modified). The district court's oral

---

[2] We note that defense counsel stated at sentencing that she "identified a couple of programs" and that her proposal was for the district court to allow "Cooke to identify and maybe get engaged with one of these programs . . . ." Joint App'x at 50. Defense counsel did not, however, provide the name of any of the programs.

pronouncement of Cooke's mentorship special condition failed to put him on notice of what would fulfill the condition and what would trigger a charge of violating the condition. The district court did not specify, for example, what program or type of program to attend, or how often or for how long he should attend. That was plain error. *See United States v. Carlineo*, 998 F.3d 533, 537 (2d Cir. 2021).

Third, the parties also agree that the written judgment impermissibly delegated to Probation the authority to fashion Cooke's sentence. While we recognize that "in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls," we agree that, as written, the condition is an impermissible delegation of authority. *United States v. Rosado*, 109 F.4th 120, 124 (2d Cir. 2024) (citation modified). Here, the district court entered a written judgment that Cooke "shall participate in and complete a mentorship program if deemed necessary by the Court *or Probation Officer*." Joint App'x. at 60 (emphasis added). While it is not atypical for the district court to leave oversight and minor specifics to Probation, it may not delegate to Probation the authority to "fashion a sentence's terms." *Carlineo*, 998 F.3d at 538. The delegation from the district court to Probation to decide whether Cooke had to fulfill the special condition was also plain error.

Lastly, the parties disagree as to the appropriate relief. Cooke argues that the mentorship condition should be vacated without remand for further proceedings.

5

That argument is unavailing.  As discussed above, Cooke may not affirmatively request a condition as a tactical choice only to later ask for it to be voided on appeal as error. *See Rodriguez*, 775 F.3d at 537-38.  Therefore, we vacate the condition but remand to the district court for resentencing with the instruction that if it wishes to reimpose a mentorship condition, it will provide more detail about the condition and it will not impermissibly delegate authority to Probation.

\* \* \*

We have considered Cooke's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we **AFFIRM** in part and **VACATE** in part the judgment of the district court, and **REMAND** for further proceedings consistent with this order.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk