RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0190p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ANDRE LAMAR PRICE,

*Defendant-Appellant*.

> No. 17-2432

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:12-cr-00068-2—Robert J. Jonker, Chief District Judge.

Decided and Filed:  August 28, 2018

Before:  GUY, BATCHELDER, and BUSH, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Paul L. Nelson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Grand Rapids, Michigan, for Appellant.  Jennifer L. McManus, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

GUY, J., delivered the opinion of the court in which BUSH, J., joined, and BATCHELDER, J., joined in part.  BATCHELDER, J. (pg. 9), delivered a separate opinion concurring in part and dissenting in part.

───────────────

## OPINION

───────────────

RALPH B. GUY, JR., Circuit Judge.  The district court revoked Andre Price's supervised release for a second time and sentenced him to 24 months of imprisonment to be followed by a 12-month term of supervised release.  Price appeals his sentence, arguing that it was

substantively unreasonable to have imposed a term of incarceration rather than ordering residential inpatient substance abuse treatment. Price also contends that the new term of supervised release was procedurally unreasonable because it exceeded the maximum length permitted by 18 U.S.C. § 3583(h). We agree that § 3583(h) must be interpreted to require that the maximum term of supervised release be reduced by the aggregate of all post-revocation terms of imprisonment related to the same underlying offense. There is no dispute that, under this interpretation, 10 months was the maximum term of supervised release that could follow the 24-month term of imprisonment imposed in this case. After careful review, we affirm Price's custodial sentence, vacate the term of supervised release, and remand for the district court to impose a new term of supervised release not to exceed the maximum permitted under § 3583(h).

**I.**

Andre Price pleaded guilty to one of four counts of bank robbery and was sentenced to 60 months of imprisonment to be followed by three years of supervised release. Price completed that custodial sentence and began his first term of supervised release on July 21, 2017. Two urine samples collected the next week tested positive for cocaine, and Price admitted that he had used crack cocaine over the weekend of July 22, 2017. At the recommendation of the probation officer, however, the district court took no action with respect to those violations of the conditions of his supervised release.

But when Price tested positive for cocaine use twice more on July 28 and August 7, the probation officer recommended revocation in a petition filed on August 11, 2017. During the first revocation hearing, Price admitted using cocaine prior to those dates and pleaded guilty to violating two conditions of his supervised release. Through counsel, Price asked that he be allowed to participate in inpatient substance abuse treatment in lieu of incarceration. In support of that request, Price submitted a letter from the intake coordinator for the Salvation Army Adult Rehabilitation Center in Grand Rapids, Michigan, which stated that Price would be a "good fit" for their inpatient alcohol and drug rehabilitation program. Given Price's admitted "Grade B" violation and his criminal history category of VI, his applicable policy-statement Guidelines

range was 21 to 24 months of imprisonment.  *See* USSG § 7B1.4 (Policy Statement).[1]  The district court considered alternative sentencing options, revoked Price's supervised release, and imposed a substantially below-Guidelines sentence of two months of imprisonment to be followed by a 34-month term of supervised release.  The conditions of Price's supervised release were the same as before, with an additional requirement that Price spend six months in a halfway house.  Price served that custodial sentence and began his new term of supervised release on October 17, 2017.

Two weeks later, on October 29 and 30, Price violated the conditions of his supervised release by:  (1) being absent from the halfway house overnight without permission; (2) possessing crack cocaine in violation of state law; and (3) using crack cocaine in violation of the terms of his supervised release.  Although drug testing was not performed, Price admitted all three violations during the revocation hearing held November 13, 2017.  Price again argued for substance abuse treatment in lieu of incarceration.

The record confirms that the district court considered that to be an option but denied the request as inappropriate under the circumstances.  Having admitted a "Grade B" violation, the applicable policy-statement Guidelines range was again 21 to 24 months of imprisonment.  After considering the relevant sentencing factors, the district court revoked Price's supervised release for a second time and imposed the sentence that is at issue in this appeal:  a 24-month term of imprisonment to be followed by a new 12-month term of supervised release.  The district court imposed the same conditions of supervised release as before—including six months in a halfway house—but added the possibility that Price could substitute inpatient substance abuse treatment for time in the halfway house "on a month-for-month basis."  Defense counsel indicated that there were no other objections, and this appeal followed.

---

[1]The policy-statement Guidelines for Price's Grade B violation and criminal history category of VI would have been 21 to 27 months of imprisonment, except that the statutorily authorized maximum term of imprisonment for Price's original offense was 2 years (making the range 21 to 24 months).  *See* USSG § 7B1.4(a) and (b)(3)(A); 18 U.S.C. § 3583(e)(3).

**II.**

Sentences imposed following the revocation of supervised release are reviewed for procedural and substantive reasonableness under the same abuse-of-discretion standard that applies to post-conviction sentences. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). A district court commits significant procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. at 579 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (citation omitted). A rebuttable presumption of substantive reasonableness applies to sentences imposed within a properly calculated Guidelines range. *Id*.

Although a defendant need not raise a substantive reasonableness claim in the district court to preserve it for appeal, a claim of procedural error is reviewed for plain error if the defendant fails to object when properly invited at the conclusion of the sentencing hearing. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) (discussing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)). Because there was no objection to the length of the supervised release term, Price must demonstrate (1) an error, (2) that was obvious or clear, (3) that affected his substantial rights, and (4) that "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (quoting *United States v. Emuegbunam*, 268 F.3d 377, 406 (6th Cir. 2001)).

**A.     Procedural Unreasonableness**

"When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). Moreover, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by

statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release*." *Id.* (emphasis added). We have held that this last clause plainly mandates that the court subtract "the length of any newly-imposed period of incarceration from a term of supervised release[.]" *United States v. Brown*, 639 F.3d 735, 738 (6th Cir. 2011). The question not reached in *Brown*—or raised by Price below—is whether § 3583(h) requires the court to also subtract the length of any term of imprisonment imposed upon a prior revocation of supervised release related to the same underlying offense. We conclude that the answer to this question must be yes.

Questions of statutory interpretation are reviewed *de novo*, and our starting point must be the statutory language itself. *Brown*, 639 F.3d at 737. The statute here defines the maximum length of a term of supervised release by reference to the maximum term of supervised release authorized for the underlying offense, reduced by "any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). Because the term "any" is not defined by the statute, we "assume that Congress adopts the customary meaning of the terms it uses." *United States v. Detroit Med. Ctr.*, 833 F.3d 671, 674 (6th Cir. 2016). As one court explained:

> When the word "any" is properly read in its § 3583(h) statutory context, *Webster's Third New International Dictionary* provides that the word "any" means "all." *See id*. at 97 (2d ed. 1981). Specifically, *Webster's* . . . provides that when the word "any" is "used as a function word to indicate the maximum or whole of a number or quantity," . . . the word "any" means "all." *Id*.

*United States v. Maxwell*, 285 F.3d 336, 341 (4th Cir. 2002).

We agree that "the word 'any' in the phrase 'less *any* term of imprisonment that was imposed upon revocation of supervised release,' . . . is obviously used as a function word to indicate the maximum or whole of a number or quantity[.]" *Id.* (emphasis in original) (quoting § 3583(h)). As a result, in determining "the maximum term of supervised release . . . , 18 U.S.C. § 3583(h) requires that the term be reduced by all post-revocation terms of imprisonment imposed with respect to the same underlying offense, not only by the most-recent term of imprisonment." *United States v. Rodriguez*, 775 F.3d 533, 534 (2d Cir. 2014); *accord United States v. Zoran*, 682 F.3d 1060, 1063-64 (8th Cir. 2012); *United States v. Williams*, 675 F.3d

275, 279 (3d Cir. 2012); *United States v. Knight*, 580 F.3d 933, 938-40 (9th Cir. 2009); *United States v. Vera*, 542 F.3d 457, 460 (5th Cir. 2008); *United States v. Mazarky*, 499 F.3d 1246, 1250 (11th Cir. 2007); *Maxwell*, 285 F.3d at 342.

Here, in calculating the maximum term of supervised release, the district court correctly identified 36 months as the maximum term of supervised release authorized for the underlying bank robbery offense. *See* 18 U.S.C. § 3583(b)(2). Then, consistent with *Brown*, the district court subtracted the newly imposed 24-month term of imprisonment to find that the maximum for any new term of supervised release would be 12 months. However, the failure to also reduce the term of supervised release by the 2-month term of imprisonment imposed upon Price's first revocation of supervised release was error.

For this error to be "plain," it must be "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). Because the unambiguous language of § 3583(h) is susceptible of only one reasonable interpretation, as every circuit to address the issue has found, the error in calculating the maximum term of supervised release was and is both obvious and not subject to reasonable dispute. Moreover, because this obvious error resulted in the imposition of a term of supervised release that exceeded the maximum permitted under § 3583(h), the error affected Price's substantial rights and "the fairness, integrity, or public reputation of the judicial proceedings." *Gardiner*, 463 F.3d at 459 (citation omitted); *see also Rosales-Mireles*, 138 S. Ct. 1897, 1911 (2018). Price has established plain error that must be corrected on remand. *Accord Rodriguez*, 775 F.3d at 536-37 (finding plain error); *Maxwell*, 285 F.3d at 342 (same).[2]

**B.    Substantive Unreasonableness**

Price also contends that his 24-month term of imprisonment was substantively unreasonable because he was a candidate for and would have benefitted from inpatient substance abuse treatment in lieu of incarceration. We find no abuse of discretion.

---

[2]The government concedes that this constitutes plain error. (Gov't Bf., p. 14.)

A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute" after considering the relevant sentencing factors. 18 U.S.C. § 3583(e)(3) (incorporating factors from 18 U.S.C. § 3553(a)); *see also United States v. Lewis*, 498 F.3d 393, 398 (6th Cir. 2007). In addition, § 3583(g) requires revocation and imprisonment if, among other things, the defendant "possesses a controlled substance in violation of the condition set forth in [§ 3583(d)]," or "as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year." 18 U.S.C. § 3583(g)(1) and (4). Price concedes that his admitted use of cocaine on October 29 and 30 established his "possession" of cocaine in violation of the conditions of supervised release set forth in § 3583(d). *See United States v. Crace*, 207 F.3d 833, 836-37 (6th Cir. 2000). Even if that were not the case, there can be no dispute that Price tested positive for cocaine use "more than 3 times over the course of 1 year," § 3583(g)(4). Nonetheless, Congress has restored some of the district court's discretion by also providing that:

> [t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

18 U.S.C. § 3583(d); *see also* USSG § 7B1.4 cmt. n.6; *Crace*, 207 F.3d at 835-36. Here, the district court explicitly considered Price's request for substance abuse treatment instead of incarceration but rejected that option as inappropriate under the circumstances.[3]

Price argues that it was substantively unreasonable for the district court to find that concerns about public safety, accountability, and breach of trust outweighed the "legitimate societal and personal benefits of providing [him with] intensive substance abuse treatment." (Def's Bf., p. 10.) In fact, before imposing a sentence of incarceration, the district court identified relevant sentencing factors, noted that substance abuse had played a role in the underlying offense, and emphasized the leniency already granted with respect to the previous drug-related violations of supervised release. Moreover, the conditions of supervised release

---

[3]Thus, it is not necessary to consider the government's assertion for the first time on appeal that the discretion restored by § 3583(d) only applies when the revocation at hand was itself based on a failed drug test.

included the possibility that Price could substitute residential substance abuse treatment for time that would otherwise be spent in a halfway house "on a month-for-month basis."  A rebuttable presumption of substantive reasonableness applies to Price's within-Guidelines sentence, and his argument that the sentencing factors should have been balanced differently is not sufficient to rebut that presumption.  *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006) (explaining that appellate review is for reasonableness "as opposed to whether in the first instance we would have imposed the same sentence"); *see also United States v. Hunt*, 728 F. App'x 432, 435-36 (6th Cir. 2018) (finding defendant did not rebut the presumption of reasonableness by arguing that the sentence was greater than necessary because the defendant did not receive inpatient drug treatment in lieu of incarceration).

*                    *                    *

For the reasons stated, Price's 24-month term of imprisonment is **AFFIRMED**, his 12-month term of supervised release is **VACATED**, and the case is **REMANDED** for the district court to impose a new term of supervised release not to exceed the maximum permitted under 18 U.S.C. § 3583(h).

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

ALICE M. BATCHELDER, Circuit Judge, concurring in part and dissenting in part. If we were reviewing de novo Price's procedural-reasonableness challenge, I would join the majority's opinion without hesitation. But that challenge is before us on plain-error review, and Price cannot satisfy that standard under our precedents.

To satisfy the plain-error standard, Price needed to demonstrate "error," that is "plain" (or "obvious or clear"), that affected his substantial rights, and that "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *See* Fed. R. Crim. P. 52(b); *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (citation omitted). I agree with the majority that Price has demonstrated error. But I disagree with the majority that this error is "plain" or "obvious or clear." The proper interpretation of 18 U.S.C. § 3583(h) is an issue of first impression in this court. And the Supreme Court has not weighed in on this issue. This is fatal to Price's procedural-reasonableness challenge, under our plain-error precedents. "A lack of binding case law that answers the question presented . . . preclude[s] our finding of plain error." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (citing *United States v. Woodruff*, 735 F.3d 445, 450 (6th Cir. 2013)). There was no binding case law that answered the question presented in this case at the time the district court decided it, and there have been no intervening cases creating such binding case law. Price's failure to demonstrate that the district court's error is "plain" obligates us to reject Price's procedural-unreasonableness challenge. *See id.* Because the majority sees it otherwise, I respectfully dissent from that part of the majority's opinion. I concur in the majority's affirmance of the district court's imposition of the term of imprisonment.