NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0195n.06

No. 20-3765

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 16, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| DANA JACKSON, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KETHLEDGE, STRANCH, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Dana Jackson argues that he received an unreasonable sentence for violating the terms of his supervised release. We reject his argument and affirm.

In 2015, Jackson pled guilty to federal crimes of wire fraud, mail fraud, and aggravated identity theft. The district court sentenced him to 51 months' imprisonment, followed by three years of supervised release. Jackson was released from prison in July 2018, but soon returned to criminal activity.

Two months after his release, Cleveland police responded to a report of a carjacking in which three armed men had forced a woman from her car and then stolen it. Police later determined that Jackson had possessed the stolen car, though they could not identify him as one of the three car thieves. In connection with that incident, in May 2019 Jackson was indicted in Ohio state court for receiving stolen property.

That same month, Jackson's ex-girlfriend called the police immediately after a fight with him, reporting that he had grabbed her neck and punched her. During that incident, Jackson also

fired his gun three times into the air and once into the ground. The next day Jackson's ex-girlfriend again called the police and reported that Jackson had threatened in a phone call to "drive by and shoot up" her house. Jackson was later charged in state court with aggravated menacing and improper discharge of a firearm in connection with the former incident, and aggressive menacing in connection with the latter.

As a result of all these pending charges, on May 30, a federal probation officer filed a report to the district court listing each incident as a violation of Jackson's supervised release. About two weeks later, the court issued a bench warrant for Jackson's arrest. Meanwhile, Cleveland police observed Jackson and another man riding motorcycles that the police suspected were stolen. When the officers tried to stop the other rider, Jackson's motorcycle collided with the police cruiser. He fled the scene on foot, carrying a black backpack. Police chased him through backyards and eventually arrested Jackson after he had hidden in the back seat of a nearby car. The officers found a gun and ammunition in his backpack.

As a result of that incident, a grand jury indicted Jackson for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). Jackson pled guilty. His guidelines range for that offense was 30-37 months' imprisonment. The district court separately determined that the guidelines range for Jackson's supervised-release violations was 12-18 months' imprisonment. The court later held a consolidated sentencing hearing, during which the court imposed a 37-month sentence for the felon-in-possession charge and an 18-month sentence for the supervised-release violations, to be served consecutively. After the district court explained and announced Jackson's sentence, the court asked whether the parties had any remaining objections to the sentence. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Jackson offered none.

Yet Jackson now makes an argument that he did not make to the district court, namely that his 18-month sentence was procedurally and substantively unreasonable. Jackson failed to properly preserve his procedural-reasonableness challenge, so we review that argument only for plain error. *See United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018). To be plain, an error must be obvious or clear and must affect the defendant's substantial rights and the fairness of the judicial proceedings. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Jackson did preserve his challenge to his sentence's substantive reasonableness, which we review by determining whether the district court "abused [its] discretion in determining that the § 3553(a) factors supported the sentence imposed." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020).

Jackson's argument specifically is that the district court failed to explain why it sentenced Jackson at the high end of his guidelines range. We disagree: the court's discussion of the § 3553(a) factors and its reference to Jackson's "very worrisome" spree of four different criminal offenses in the months after his July 2018 release was itself explanation enough for the court's decision to sentence Jackson at the high end of the guidelines range. That sentence, moreover, was presumptively reasonable. *See United States v. Parrish*, 915 F.3d 1043, 1049 (6th Cir. 2019). Nor, for similar reasons, does Jackson have any basis to characterize the district court's sentence as arbitrary.

The district court's sentence is affirmed.