NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2022
Decided July 1, 2022

*By the Court*:

No. 21-3218

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 13-cr-137-wmc-1 |
| | |
| CHRISTOPHER GLASPER, | William M. Conley, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

Christopher Glasper appeals the revocation of his supervised release and his new sentence: 12 months of imprisonment and one additional year of supervised release. His appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). But counsel's brief does not discuss a potential challenge to the new term of supervised release that we identify as nonfrivolous. For that reason we will permit counsel to withdraw based on his view of the appeal, but we will not dismiss the appeal as frivolous

In 2014 Glasper was convicted of being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1), and sentenced to 70 months in prison and 3 years of supervised release. About halfway into his term of supervision, the district court revoked his supervised release because Glasper had violated several conditions. He was sentenced to 18 months of prison time and another year of supervised release. After he served the

prison sentence, his compliance with the conditions of supervised release again faltered. Glasper tested positive for methamphetamine four times, skipped several drug tests, and failed to communicate with his probation officer—not reporting that he had been arrested and that he had moved. Based on these violations, Glasper's probation officer petitioned the court to revoke supervised release.

At the revocation hearing, Glasper did not contest the alleged drug violations, and the judge found that Glasper had violated the conditions of his release, most seriously the condition prohibiting drug possession. The judge initially concluded that an appropriate sentence would be 18 months in prison with no further supervised release. Glasper then addressed the judge and explained that his struggle with addiction caused his violations and that the COVID-19 pandemic made effective treatment both in and out of prison difficult to obtain. The judge acknowledged Glasper's commitment to rehabilitation and offered to sentence Glasper to one year and one day in prison and one year of supervised release with the condition that Glasper complete inpatient treatment. Glasper agreed, and so the judge imposed that sentence.

The nonfrivolous issue we identify concerns the additional year of supervised release. For a revocation sentence, the terms of supervision and imprisonment together cannot exceed the length of supervision authorized for the underlying conviction. *See* 18 U.S.C. § 3583(h). Here, the underlying conviction is a Class C felony carrying up to 36 months of supervised release. *See id.* § 3583(b)(2). The 366 days of reimprisonment and one year of additional supervised release that Glasper received amount to less than that. But there is an interpretation of § 3583(h) that would also include Glasper's 18-month prison sentence for his first revocation in that tally, resulting in a total of about 42 months—above the authorized 36 months. We are among the few appellate courts yet to have addressed this issue, and the weight of persuasive authority favors the interpretation that counts prior revocation sentences. *See United States v. Price*, 901 F.3d 746, 750 (6th Cir. 2018) (collecting cases). Thus, Glasper has a nonfrivolous argument that his current supervised release term exceeds what § 3583(h) permits.

Ordinarily, having identified a nonfrivolous issue, we would deny the request to withdraw and order counsel to file a brief on the merits. But because Glasper is contesting a revocation order and does not have an unqualified constitutional right to counsel, this is not the typical *Anders* context. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Despite our practice of applying the *Anders* safeguards in the revocation context, *see United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016), counsel may

withdraw his services more readily when the Sixth Amendment does not strictly apply, *see United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). By separate order, we will recruit new counsel to represent Glasper going forward.

Therefore, counsel's motion to withdraw is GRANTED IN PART and DENIED IN PART. Counsel may withdraw, but the appeal is not dismissed.