NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0012n.06

Case No. 24-1225

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | **FILED**<br>Jan 13, 2025<br>KELLY L. STEPHENS, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| ALEJANDRO MONTANO-PANTOJA, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SILER, CLAY, and READLER, Circuit Judges.

**SILER, Circuit Judge.** After repeatedly returning to the United States despite multiple removals and racking up a lengthy criminal record, Alejandro Montano-Pantoja once more stood before a federal court seeking leniency. He pointed to his cultural assimilation, fear of returning to Mexico, and health concerns in support of a more lenient sentence. The district court disagreed, finding that his persistent disregard for the law warranted a bottom-of-the-guidelines sentence. Montano-Pantoja now urges us to reweigh the factors in his favor. We decline to do so and affirm the district court.

**I.**

Montano-Pantoja, a Mexican citizen, was brought to the United States as an infant and has lived here unlawfully for nearly his entire life. In 2023, officers in Washtenaw County, Michigan, stopped a vehicle after observing it leave a suspected drug house. Montano-Pantoja, seated in the passenger seat, provided a false identification card under the name "Victor Hugo Lopez." Officers discovered a loaded handgun in the glove compartment in front of him, and drugs and a knife were

located on the driver. The state filed charges for carrying a concealed weapon and providing false identification, but the charges remained pending at sentencing. On May 8, 2023, Immigration and Customs Enforcement officers took Montano-Pantoja into federal custody after confirming his unlawful status.

A grand jury indicted him for unlawful reentry under 8 U.S.C. § 1326(a), (b)(1). He pleaded guilty without a plea agreement in July 2023. The Presentence Report detailed his extensive criminal history, including convictions for drug possession, theft, operating a vehicle without consent, carrying a concealed weapon, possession of narcotics, aggravated unlawful use of a weapon, and two prior unlawful reentry offenses. He had also been removed from the United States multiple times, only to return unlawfully each time.

Montano-Pantoja claimed that upon returning to Mexico following prior removals, he was subjected to cartel-related violence, abuse, and threats, and that he feared returning there. He argued that his cultural assimilation, mental health issues, HIV-positive status, and fear of cartel violence warranted a downward variance to 36 months. The government opposed, emphasizing his persistent recidivism and the failure of previous lenient sentences to deter future crimes.

At sentencing, the parties agreed that Montano-Pantoja's total offense level was 19 and his criminal history category was VI, yielding an advisory guidelines range of 63 to 78 months. After considering the § 3553(a) factors, the district court imposed a 63-month sentence at the bottom of the guidelines range. The court noted that Montano-Pantoja's extensive and persistent criminal history included multiple serious offenses and that prior short sentences had failed to deter him from reoffending. Although the court acknowledged his arguments and sentencing memorandum, it concluded that the severity of his record demanded a more substantial term of imprisonment. Montano-Pantoja timely appealed.

## II.

This court reviews the substantive reasonableness of a district court's sentence for abuse of discretion. *United States v. Greco*, 734 F.3d 441, 444 (6th Cir. 2013). "A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (quotation marks and citation omitted). A sentence may be considered substantively unreasonable if the district court "gives an unreasonable amount of weight to any pertinent factor." *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018) (quotation marks and citation omitted). A sentence within the Guidelines range is presumptively reasonable. *United States v. Armes*, 953 F.3d 875, 886 (6th Cir. 2020). The defendant bears the burden of rebutting this presumption by demonstrating that the sentence is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015).

## III.

On appeal, Montano-Pantoja challenges the substantive reasonableness of his sentence. He argues that the district court afforded excessive weight to his criminal history and insufficient attention to his mitigating factors, including his claimed cartel-related trauma, cultural assimilation, mental health issues, HIV-positive status, and fear of returning to Mexico. He essentially asks us to reweigh the § 3553(a) factors in his favor. But district courts have broad discretion in determining how much weight to assign each factor, and we will not substitute our judgment for that of the sentencing court. *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019).

Contrary to Montano-Pantoja's suggestion, the sentencing court need not explicitly address every mitigating argument or factor in detail on the record. *United States v. Petrus*, 588 F.3d 347, 354–55 (6th Cir. 2009). It suffices that the record shows the court considered the defendant's contentions and the pertinent statutory factors. *Id.* Here, the district court indicated that it reviewed the defendant's sentencing memorandum, heard his arguments, and considered his background and asserted hardships. Although it did not dwell extensively on each mitigating claim, the court acknowledged the defendant's fears and personal hardships and recognized that his background and health issues were part of the sentencing calculus.

Ultimately, the court found that these mitigating factors did not outweigh Montano-Pantoja's longstanding pattern of serious offenses, which included drug crimes, weapon violations, thefts, and multiple illegal reentries. The court noted that previous lenient sentences, including probation and short custodial terms, had failed to deter him from reoffending. Emphasizing recidivism as a critical factor was well within its discretion. *United States v. Perez-Rodriguez*, 960 F.3d 748, 753–54 (6th Cir. 2020). Also, although Montano-Pantoja submitted photographs purporting to show injuries from a cartel attack, the court noted the lack of corroborating medical records and remained unpersuaded that this alleged trauma justified a lower sentence.

Nor did the district court err by declining to lower the sentence due to the absence of a fast-track program. Our precedent does not require such an adjustment. *See United States v. Camacho-Arellano*, 614 F.3d 244, 248–49 (6th Cir. 2010).

Because nothing in the record suggests that the district court acted arbitrarily or balanced the § 3553(a) factors unreasonably, Montano-Pantoja fails to overcome the presumption that his within-guidelines sentence is reasonable. *See Price*, 901 F.3d at 749. The court's explanation was

sufficient to allow for meaningful appellate review and to demonstrate that it considered the relevant arguments. *See United States v. Chavez-Meza*, 585 U.S. 109, 115–16 (2018).

**IV.**

For the foregoing reasons, we **AFFIRM**.