NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0395n.06

No. 24-3675

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 11, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| RETSYN DESHAWN OWENS, | ) | OHIO |
| Defendant-Appellant. | ) ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

Before: THAPAR, READLER, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Retsyn Owens challenges the below-Guidelines sentence he received for violating the terms of his supervised release. *First*, he argues that the district court considered an impermissible factor in sentencing him, rendering his sentence procedurally unreasonable. *Second*, he contends that the district court's decision to run his federal sentence consecutively to his state sentence renders his sentence substantively unreasonable. We affirm the district court.

**BACKGROUND**

Following imprisonment for drug trafficking, Retsyn Owens was serving a three-year term of federal supervised release when he was stopped by local police officers in Akron, Ohio, and found in possession of cocaine. Owens was charged in state court with drug offenses and ultimately pleaded guilty to trafficking cocaine. The state court sentenced him to a term of incarceration of a

minimum of four years and a maximum of six years, followed by a term of state post-release control.

Following Owens's state criminal conviction and sentencing, Owens was transferred to federal custody at the federal government's request so that it could prosecute him for violating the terms of his supervised release. At the supervised release violation hearing, Owens admitted to having violated the terms of his supervised release by committing another crime (the same crime to which he pleaded guilty in state court). The district court accepted Owens's admission and proceeded to sentencing.

During sentencing, the district court acknowledged that application of the Guidelines resulted in a recommended sentence of 24 months' imprisonment, the statutory maximum for the offense. *See* 18 U.S.C. § 3583(e)(3). The district court observed that it had discretion to decide whether to impose the term of incarceration to run consecutively or concurrently to Owens's state sentence. Owens did not dispute the Guidelines calculation, but he asked the court to impose a term of incarceration to run concurrently to Owens's state sentence or, if the court were not inclined to run his sentences concurrently, to impose only a short, below-Guidelines sentence to run consecutively. Owens emphasized that he was fifty-four years old and had already received a lengthy sentence in state court. The government, emphasizing that Owens had a long criminal record, argued for a "substantial sentence," to be served consecutively to Owens's state sentence. Tr., R. 27, PageID 96.

The district court then addressed the parties. The court first asked about Owens's underlying state offense, explaining that it was "just trying to figure out" why Owens had received what "seems like a fairly lengthy sentence compared to most" cases the court had seen come from the state court that sentenced Owens. *Id.* at PageID 97–98. Owens responded that the state

prosecution and police had been "very adamant" about the resolution of Owens's case. *Id.* at PageID 98.

The district court then stated that it had carefully reviewed Owens's case and considered the arguments before it. The court emphasized that even before reading the presentence investigation report, it had been aware that Owens had a lengthy criminal record—Owens had "not one, not two, but three separate federal convictions, drug-related, along with his various state court convictions for trafficking and possession." *Id.* The court stated: "I'm not sure what to do to try to deter the defendant to try to prevent him from continuing this same pattern." *Id.* Owens's counsel responded that, because Owens was now fifty-four years old, it had "finally reached his mind" that continuing his current course of conduct would land him in prison "for the rest of his life," so Owens's counsel believed this would be the "last [the judge] would see of him in a courtroom for a criminal charge." *Id.* at PageID 98–99. The court stated that it appreciated Owens's counsel's comments, but it nonetheless "ha[d] some reservations about whether that's going to be the case just given his pattern here." *Id.* at PageID 99.

The district court then announced Owens's sentence. It explained that, considering that Owens was already facing a long state prison sentence, it would impose a below-Guidelines sentence of 12 months, to run consecutively to Owens's state sentence. That term of imprisonment would be followed by an additional term of supervised release. The court stated it hoped that the sentence would be "adequate." *Id.*

Before ending the hearing, the district court asked the parties whether they had any objections to the sentence it had imposed. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Neither party objected. Owens timely appealed his sentence.

**ANALYSIS**

We review sentences imposed following the revocation of supervised release for procedural and substantive reasonableness under the same standards that apply to "post-conviction sentences." *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018). On appeal, Owens argues that his sentence is both procedurally and substantively unreasonable. We disagree on both fronts and affirm the district court.

I.      **Procedural Reasonableness**

Owens asserts for the first time on appeal that the district court considered an impermissible factor during sentencing, resulting in a sentence that is procedurally unreasonable. *See United States v. Adams*, 124 F.4th 432, 438 (6th Cir. 2024). He contends that the district court improperly factored in the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), when it revoked his term of supervised release and sentenced him to a term of incarceration. The parties agree on appeal that the district court did, in fact, consider § 3553(a)(2)(A). So, without deciding whether the district court relied on this factor, we proceed assuming that it did.

Because Owens did not raise this argument in the district court, we may review it only for plain error. To show that an unpreserved error should be corrected, a defendant must demonstrate (1) an "error," (2) that is "plain," and (3) that "affect[s] substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration in original) (quoting Fed. R. Crim. P. 52(b)). If a defendant satisfies those "three threshold requirements," an appellate court then "may grant relief if it concludes that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (quoting *Rosales-Mireles v. United States*, 585 U.S. 129, 135 (2018)).

We first examine whether the district court committed an error, assuming it considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, as articulated in 18 U.S.C. § 3553(a)(2)(A). On this question, we recognize that there has been a shift in the law.

When the district court sentenced Owens, considering § 3553(a)(2)(A) was permissible under binding Circuit precedent. *See United States v. Esteras*, 88 F.4th 1163, 1167 (6th Cir. 2023), *vacated and remanded*, 145 S. Ct. 2031 (2025). While this appeal was pending, however, the Supreme Court issued an opinion, *Esteras v. United States*, 145 S. Ct. 2031, in which it held that courts may not consider § 3553(a)(2)(A) in the context of revoking a term of supervised release. *Id.* at 2036–37. When a court revokes a term of supervised release, it must consider a list of factors provided in 18 U.S.C. § 3583(c) in fashioning an appropriate sentence. *Id.* at 2039. That list includes almost all the § 3553(a) factors, including the need to "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B); the "need to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C); and the need to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D). Notably missing from that list, however, is the factor at issue here—the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A). In *Esteras*, the Supreme Court reasoned that the absence of the § 3553(a)(2)(A) factor from the list provided in 18 U.S.C. § 3583(c) has real significance and held that district courts "cannot consider §3553(a)(2)(A) when revoking supervised release." 145 S. Ct. at 2040. The district court accordingly erred to the extent that it considered § 3553(a)(2)(A).

Any such error would also have been "plain," *Olano*, 507 U.S. at 732, notwithstanding the fact that it would have been permissible under binding Circuit precedent at the time of the sentencing. The Supreme Court has explained that, "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal," it is "enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997). Given *Esteras*, which directly overruled our precedent, it is now plain that district courts may not consider § 3553(a)(2)(A) when revoking supervised release.

We cannot say, however, that any error affected Owens's "substantial rights." *Olano*, 507 U.S. at 732. We have previously held that a sentencing error affects a defendant's substantial rights "where it causes the defendant 'to receive a more severe sentence.'" *United States v. Oliver*, 397 F.3d 369, 379 (6th Cir. 2005) (citation omitted). The record makes clear that did not occur here. Tellingly, the district court did not emphasize the underlying crime for which Owens had been serving a term of federal supervised release.[1] *See* 18 U.S.C. § 3553(a)(2)(A). To the contrary, the district court appears to have been focused primarily on the need to deter Owens from future criminal acts, *id.* § 3553(a)(2)(B)—a permissible factor to consider in the revocation of supervised release context, *see Esteras*, 145 S. Ct. at 2039. The district court explained that it was familiar with Owens's substantial criminal record and then stated: "I'm not sure what to do to try to deter the defendant to try to prevent him from continuing this same pattern." Tr., R. 27, PageID 98. And

---

[1] In his brief, Owens appears to argue in part that the district court improperly considered the need for the sentence to reflect the seriousness of the offense, *see* 18 U.S.C. § 3553(a)(2)(A), when it asked the parties why Owens had received a relatively long sentence for his recent state court conviction. But Owens's recent state conviction is not the "offense" to which the § 3553(a)(2)(A) factor refers. In the context of a revocation hearing, the "offense" is the "underlying crime of conviction"—that is, the federal conviction that led to the term of supervised release—"not the violation of the supervised-release conditions." *Esteras*, 145 S. Ct. at 2039.

in response to Owens's arguments, the district court reiterated its concern about whether Owens would discontinue his "pattern" of criminal activity. *Id.* at PageID 99.

Because we read the district court as having focused on the need to deter Owens, not on the need for the sentence imposed to reflect the seriousness of his underlying federal offense or provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), we conclude that Owens has not met his burden to demonstrate that any plain error affected his substantial rights. Owens has not satisfied the "threshold requirements" for establishing eligibility for plain-error relief, so we need not consider the final prong—whether the error had a serious effect on the fairness, integrity, or public reputation of the judicial proceedings. *Greer*, 593 U.S. at 507–08.

## II.    Substantive Reasonableness

Owens next argues that the district court's choice to impose a term of imprisonment to run consecutively, rather than concurrently, to his state sentence rendered the sentence substantively unreasonable—that is, "greater than necessary[] to comply with the purposes of § 3553(a)." *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015) (citation omitted). Unlike with his procedural reasonableness argument, Owens has preserved his argument that his sentence is substantively unreasonable. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020) (noting that to preserve an argument that a sentence is substantively unreasonable, a defendant need only inform the district court of their arguments in support of a shorter sentence). We accordingly review the district court's sentencing decision for abuse of discretion. *United States v. Whitson*, 77 F.4th 452, 462 (6th Cir. 2023).

Owens contends that the district court provided no explanation as to why it was necessary for Owens's sentence to run consecutively to his term of state imprisonment. He argues the district court placed undue weight on the same impermissible factor discussed above—18 U.S.C.

§ 3553(a)(2)(A). He also contends that the district court "appears to have understood that it had to impose some additional punishment on [Owens]," even though Owens had already received a state prison sentence for his underlying state criminal offense. Appellant Br. at 11.

We find Owens's substantive reasonableness arguments unpersuasive. We turn first to Owens's contention that the district court did not explain why it was necessary for his sentence to run consecutively. A district court must "make generally clear the rationale under which it has imposed the consecutive sentence." *United States v. Sears*, 32 F.4th 569, 576 (6th Cir. 2022) (citation omitted). The district court did so here. The district court's comments show that it weighed various considerations, including Owens's age and his long pattern of repeated criminal offenses, in deciding an appropriate sentence. And the district court repeatedly expressed its concern that it needed to adequately deter Owens from reoffending. That concern ultimately appears to have animated the district court's sentencing decision: immediately after expressing its "reservations" about whether Owens would break his "pattern" of reoffending, the district court gave Owens a 12-month consecutive sentence and expressed its hope that the sentence would be "adequate." Tr., R. 27, PageID 99.

We also do not think that the district court's choice of a below-Guidelines consecutive sentence was an abuse of discretion, or that the record shows that the district court placed undue weight on any single factor. We afford a "rebuttable presumption of substantive reasonableness" to within-Guidelines sentences. *Sears*, 32 F.4th at 576. Owens cannot rebut this presumption. As we have already explained, we do not read the district court to have rested its sentencing decision on the need for the sentence to reflect the seriousness of the offense, 18 U.S.C. § 3553(a)(2)(A). The district court's choice to impose a below-Guidelines consecutive sentence, primarily in an

attempt to deter Owens from reoffending, was not arbitrary or unreasonable. *See Sears*, 32 F.4th at 576. We accordingly hold that Owens's sentence was substantively reasonable.

## CONCLUSION

We affirm Owens's sentence.