NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0012n.06

No. 24-3787

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) ) | COURT FOR THE NORTHERN DISTRICT OF OHIO |
| PHILROY JOHNSON, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

**FILED**
Jan 07, 2026
KELLY L. STEPHENS, Clerk

Before: MOORE, CLAY, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-appellant Philroy Johnson challenges the district court's revocation of his supervised release and imposition of a term of confinement, arguing that the district court relied on impermissible retributive factors. Finding no such reliance, we **AFFIRM**.

## I. FACTUAL BACKGROUND

In 2018, Johnson pleaded guilty to possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). The district court sentenced him to 60 months in prison to be followed by a 3-year term of supervised release. The conditions of his supervised release prohibited him from committing another federal, state, or local crime. He began his supervised release term on August 12, 2022.

Johnson's probation officer filed a violation report on May 12, 2023, notifying the district court that Johnson was charged with fleeing and eluding an officer and obstructing a criminal investigation. According to the report, on May 10, 2023, local law enforcement stopped a car with

a loud muffler. The driver was identified as Johnson, and dispatch advised that Johnson had an outstanding warrant from the U.S. Marshals (based on an alleged violation that was later dismissed). Officers instructed Johnson to exit the vehicle, but Johnson responded that he should not have to do so and instead "drove away at a high rate of speed, almost striking the officer and his cruiser." R. 73, PID 430. According to the government's uncontested argument at the revocation hearing, which relied on a "video," Johnson "took off . . . as the officer was standing next to the vehicle[,]" in the "middle of the day" with "lots of traffic in the area." R. 95, PID 480–81. The officers were advised not to pursue the vehicle, but unrelated surveillance ultimately located Johnson and his car. Johnson pleaded guilty to the state charge arising from this conduct and admitted to the supervised-release violation.

At the revocation hearing, the district court stressed the "egregious circumstances" described in Johnson's violation report. *Id.* at PID 482.

> One cannot overstate the danger to the community when individuals choose to flee from law enforcement. They choose to flee at high rates of speed. They pose dangers to others on the roadway, others in the community, as well as law enforcement and themselves.
> This is not a minor matter. It's not the type of offense for which a sanction, a serious sanction should not be imposed. . . . [T]his is a serious matter.
> Mr. Johnson has a violent criminal history to include aggravated robbery, kidnapping, aggravated menacing and felonious assault. He's currently on supervision for possession of a firearm with an obliterated serial number, and now we have this serious matter.
> Twenty-four months is the appropriate sentence. I will impose the 24 months. It will be consecutive to any time imposed at the state level. He will not be granted credit for time served for any time that he was held in custody, in the state custody. He will be granted credit for time served only in the federal system.

2

*Id.* at PID 483–84. Johnson's counsel then objected "to the extent that the court considered the § 3553(a)(2)(A) factors as those are not in § 3583(e) . . . ." The district court responded:

> All right. We will just say generally then given the nature of the circumstances of his criminal conduct. Protecting the public is important, and when individuals flee at a high rate of speed from law enforcement, when they nearly strike law enforcement officers, I think that's a matter that's appropriate before the court for consideration. I think it's appropriate for me to consider his prior record and criminal history, and so all those things I think form the basis of a 24-month sentence. It is a guideline sentence. It is the high end of the guidelines. I think that's appropriate. And the 24 months was also recommended by the probation officer which I will follow that recommendation, as well. So I'll note your objection, and hopefully I have clarified the reasons why and make sure -- I recognize I have discretion to impose consecutive or concurrent time. Here, consecutive time is warranted given the nature of the offense. And hopefully, the defendant will -- again, hopefully, this will serve a useful purpose in deterring him in the future should he -- when he's released from prison.

*Id.* at PID 484–85. Johnson timely appealed his 24-month, within-guidelines term of confinement. This court held briefing in abeyance until after the Supreme Court issued its decision in *Esteras v. United States*, 606 U.S. 185 (2025). ECF Doc. 17.

## II.     ANALYSIS

"Sentences imposed following the revocation of supervised release are reviewed for procedural and substantive reasonableness under the same abuse-of-discretion standard that applies to post-conviction sentences." *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018). A district court procedurally errs by improperly calculating the guidelines range, treating the guidelines as mandatory, failing to consider the relevant factors, relying on clearly erroneous facts, or failing to adequately explain a sentence. *Id.* It substantively errs if it "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing

factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* (quoting *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009)).

When sentencing a defendant, a district court must consider factors enumerated in 18 U.S.C. § 3553(a). Those include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), as well as the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2). "These four considerations—retribution, deterrence, incapacitation, and rehabilitation—are the four purposes of sentencing generally." *Esteras*, 606 U.S. at 191–92 (citations omitted).

However, when addressing supervised-release violations, § 3583(e) instructs courts to consider subsections (B), (C), and (D), and does not mention (A). That omission, the Supreme Court recently concluded, means that a district court is *prohibited* from considering § 3553(a)(2)(A) and may not revoke supervised release to punish the defendant for the original offense. *Esteras*, 606 U.S. at 200. The *Esteras* Court made clear, however, that a district court may still consider the "nature and circumstances of the offense as relevant for the considerations set forth in §§ 3553(a)(2)(B), (C), and (D)—namely, deterrence, incapacitation, and rehabilitation[.]" *Id.*

4

The *Esteras* Court also held that "[i]n the context of a revocation hearing," "the 'offense' is the underlying crime of conviction, not the violation of the supervised-release condition." *Id.* at 193–94. The Court explicitly noted that it "address[ed] only whether § 3583(e) precludes the sentencing court from considering retribution for the underlying criminal conviction." *Id.* at 194 n.5. However, it "t[ook] no position" on the "permissibil[ity]" of sanctioning the violator for the breach of trust involved in failing to abide by the conditions of the court-ordered supervision. *Id.* (citing U.S.S.C., Guidelines Manual ch. 7, pt. A, intro 3(b)).

In this case, the revocation hearing transcript provides insufficient support for Johnson's argument that the district court imposed the 24-month term of imprisonment to punish him for his underlying § 922(k) offense. Unlike in *Esteras*, the record here reveals no explicit reliance on § 3553(a)(2)(A). Nor do we find sufficient evidence that the district court implicitly sought to punish Johnson for the underlying § 922(k) offense. True, the district court noted that the *violation* (not the offense) required a "serious sanction" and remarked that Johnson had a "violent criminal history," including the underlying firearm offense. R. 95, PID 483–85. And, upon objection, the district court referred to the "nature of the circumstances of [Johnson's] criminal conduct," the need to "[p]rotect[] the public," and Johnson's "prior record and criminal history." *Id.* But those statements, rather than evincing a retributive motive, are consistent with the district court's obligation to consider the other § 3553(a) factors. *See Esteras*, 606 U.S. at 200 ("[I]f the defendant's original offense was particularly violent, that fact might inform the court's judgment as to whether revocation is necessary 'to protect the public from further crimes of the defendant.'") (quoting § 3553(a)(2)(C)). And because the district court did not indicate that it sought to punish Johnson for the offense, upon Johnson's objection it would have made little sense for the court to "recognize its potential error and clarify" that it did not "take account of § 3553(a)(2)(A)." *See*

5

*Esteras*, 606 U.S. at 203 (discussing the procedure for when a defendant objects to "the district court's reliance on § 3553(a)(2)(A)"). Thus, giving no indication that it intended to punish Johnson for his underlying offense, the district court did not run afoul of *Esteras*.

The district court instead focused on the violation conduct, primarily the "danger" that Johnson's reckless driving posed to "others on the roadway, others in the community, as well as law enforcement and [the driver]." R. 95, PID 483. Johnson's "violent criminal history," including "aggravated robbery, kidnapping, aggravated menacing and felonious assault," compounded the district court's concerns, leading it to reiterate the "important" need to [p]rotect[] the public" from Johnson's behavior. *Id.* at 483–85. To be sure, the district court also said that Johnson's conduct required a "serious sanction," *id.* at PID 483, a term that can be construed as evoking the retributive purposes of § 3553(a)(2)(A). But we have stressed that "sanction" is to be "distinguished" from "punishment." *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011). A court may *sanction* a defendant's violation of a term of supervised release as a "breach of trust," which is distinct from *punishing* that same conduct. *Id.* We have reaffirmed that holding pre- and post-*Esteras*, allowing district courts to consider the "seriousness of the supervised release violation" in sanctioning the breach of trust. *United States v. Patterson*, 158 F.4th 700, 703 (6th Cir. 2025); *accord United States v. Sims*, --- F.4th ----, 25-3229, 2025 WL 3539279, at *2 (6th Cir. Dec. 10, 2025); *United States v. Milton*, No. 24-4066/4067, 2025 WL 2965822, at *6 (6th Cir. Oct. 21, 2025); *United States v. Simpson*, No. 23-3961, 2025 U.S. App. LEXIS 19442, at *3 (6th Cir. July 31, 2025) (unpublished order) (citing *United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023)). In only one of those cases (*Patterson*) did we note that the district court used the term "breach of trust," and yet we nevertheless conceptualized the sanction in that way in other cases. We therefore will not fault the district court for omitting the phrase in this case.

In sum, our precedents permit—and *Esteras* does not prohibit—district courts from sanctioning a defendant's supervised-release violation as a breach of trust. That sanction is distinct from the retributive considerations in § 3553(a)(2)(A). Because the district court here considered the violation conduct only in relation to the permissible § 3553(a) factors, it did not err. Accordingly, we **AFFIRM**.