NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0170n.06

No. 25-3497

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 15, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| JAMEL WILLIAMS, | ) | OHIO |
|     Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

Before: GIBBONS, THAPAR, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Jamel Williams pleaded guilty to ten counts of uttering counterfeit obligations. He was sentenced to 36 months' imprisonment to be followed by 3 years of supervised release. Williams then violated his release conditions on multiple occasions; in response, the district court revoked his supervised release and imposed an 18-month sentence to be followed by a new supervised-release term. Williams now appeals, challenging the reasonableness of his sentence and the additional term of supervised release. For the reasons that follow, we AFFIRM in part, VACATE in part, and REMAND.

I.

Like many Americans, Jamel Williams was a frequent Target shopper. But what distinguished Williams' "Target Runs" was that he paid for his goods with counterfeit currency, passing a total of $4,000 in counterfeit bills between November 2015 and October 2016. *See United States v. Williams*, 807 F. App'x 505, 506 (6th Cir. 2020). For those offenses, he was

charged with violating 18 U.S.C. § 472 and pleaded guilty. *Id.* at 506–07. The district court imposed a sentence of 36 months' imprisonment to be followed by a 3-year term of supervised release. *Id.* at 507. We affirmed his sentence. *Id.* at 511.

Williams' first supervised-release term began in June 2021. Yet by the end of October 2022, Williams had violated his conditions on seven occasions, mostly by using marijuana. Williams admitted the violations, and the district court sentenced him to 8 months' imprisonment followed by 2 years of supervised release.

Williams' most recent term of supervised release began in June 2023. In March 2024, Williams again violated his release terms by testing positive for marijuana. Then, in August, he cashed a fraudulent $1,000 check at a liquor store. And later that month, he wrote several more fraudulent checks, totaling more than $3,000, at two different retail stores. He was charged for these offenses in two separate Ohio county courts and pleaded guilty. For the first bad check, he was sentenced to serve 7 months in prison. For the others, he was sentenced to 5 years of probation, ordered to pay restitution, and required to perform 100 hours of community service.

The new state-law violations prompted the federal district court to schedule a supervised release violation hearing. Williams admitted the violations, and the court revoked his supervised-release term. The court calculated his Guidelines range as 6 to 12 months' imprisonment. But the district court varied upward, sentencing Williams to 18 months' imprisonment, to run consecutive to his state sentence. The court also imposed an additional 1-year term of supervised release. Williams appeals.

II.

Williams challenges the procedural and substantive reasonableness of his sentence. We review the reasonableness of a sentence that was imposed following the revocation of supervised

release "under the same abuse-of-discretion standard that applies to post-conviction sentences." *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018).

*Procedural reasonableness*. A district court imposes a procedurally reasonable sentence when it "properly calculate[s] the guidelines range, treat[s] that range as advisory, consider[s] the sentencing factors in 18 U.S.C. § 3553(a), refrain[s] from considering impermissible factors, select[s] the sentence based on facts that are not clearly erroneous, and adequately explain[s] why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Williams argues that his sentence is procedurally unreasonable because the district court "failed to put the parties on notice that it was independently considering an upward variance prior to the start of his hearing." Appellant Br. at 10.[1] But no prior notice was required.

Federal Rule of Criminal Procedure 32(h) states that a court may not "depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in the party's prehearing submission," without "giv[ing] the parties reasonable notice that it is contemplating such a departure." But this rule does not govern Williams' case. First, it is not clear that Rule 32(h) applies to sentences imposed upon the revocation of supervised release. *See United States v. Baker*, 521 F. App'x 371, 374 (6th Cir. 2013) (collecting cases); *see also United States v. Smith*, 639 F. App'x 348, 352 (6th Cir. 2016); *but see United States v. Brown*, 2022 WL 1511609, at *5 (6th Cir. May 13, 2022) (suggesting that Rule 32 "govern[s] all criminal sentencing procedures" including "those for supervised release violations" and calling its relationship with Rule 32.1, which governs supervised release revocation hearings, "murky"). But even if the rule did apply to revocation sentencings, it still would not have required pre-hearing notice in this case.

---

[1] The government says Williams failed to preserve his objection and asks us to apply plain-error review. *See Price*, 901 F.3d at 749. We need not decide whether plain-error review applies because regardless of the standard of review, there was no error.

Rule 32(h) applies to departures, not variances. *United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015). And Williams does not dispute that the district court imposed a variance, not a departure, here.

Williams contends that his sentence is nonetheless procedurally unreasonable under this court's decision in *Coppenger*. In *Coppenger*, we determined that a sentence is procedurally unreasonable when "the facts or issues on which the district court relied to impose a variance came as a surprise and that [the defendant's] presentation to the court was prejudiced by the surprise." *Id.* at 804–06 (citation omitted). But *Coppenger* was construing another provision of Rule 32, which, as discussed above, may not even apply in this context. And even if it does, the specific provision at issue in *Coppenger*, Rule 32(i)(1)(B), requires the district court to provide the parties with "a written summary of . . . any information *excluded from the presentence report* under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information." *Id.* at 803–04 (emphasis added) (quoting Fed. R. Crim. P. 32(i)(1)(B)). Williams has not identified any information extraneous to the presentence report that the district court relied upon in varying upward. The district court varied upward based on Williams' criminal history, which included multiple thefts, and his passing of fraudulent checks in two different jurisdictions while on supervised release. That information was contained in Williams' presentence report and was well known to Williams. Thus, the court did not err in failing to provide notice of a possible upward variance.

*Substantive reasonableness*. Williams next challenges the substantive reasonableness of his sentence. A court imposes a substantively unreasonable sentence when it places "too much weight on some of the [18 U.S.C.] § 3553(a) factors and too little on others," resulting in a sentence

that is "too long (if a defendant appeals) or too short (if the government appeals)." *Rayyan*, 885 F.3d at 442.

In determining its sentence, the court considered the § 3553(a) factors, particularly Williams' lengthy criminal record and the need to afford adequate deterrence. The court reviewed Williams' prior sanctions and his past opportunities to be reintegrated into the community and noted that he had been "able for some time to maintain employment and housing" and had become a father. R. 53, Supervised Release Hr'g Tr., PageID 247. Nonetheless, Williams "reverted back to criminal conduct similar to the instant offense." *Id.* at 248. The court explained that Williams "ha[d] not learned from his past behavior" or his previous sanctions and "ha[d] shown a lack of accountability." *Id.* at 248. So a longer sentence was needed to deter future criminal behavior.

Williams counters that he accepted responsibility for his actions and apologized for it, and he argues "[t]he facts of his case and violations were not so egregious as to warrant an above guideline range supervised release sentence." Appellant Br. at 17. But the district court saw it differently and adequately explained why it believed an upward variance was appropriate. Moreover, the court's decision to have Williams' sentence run consecutively to his existing state sentence follows the default rule when multiple terms of imprisonment are imposed at different times. 18 U.S.C. § 3584(a). "[W]e 'give due deference to the district court's decision that the § 3553(a) factors' justify the variance." *United States v. Thomas*, 933 F.3d 605, 613 (6th Cir. 2019) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Williams has failed to overcome the high bar to succeed on a substantive-reasonableness claim. *See id.*

III.

Williams' final argument is that the district court erred by imposing an additional 1 year of supervised release. The government concedes that this was an error because the sentence exceeded the maximum term available to the court.

Under 18 U.S.C. § 3583(h), a supervised-release term imposed after revocation of a prior term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Williams was convicted under 18 U.S.C. § 472, which is a class C felony. *See* 18 U.S.C. § 3559(a)(3). The maximum term of supervised release for a class C felony is 3 years, "less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. §§ 3583(b)(2), (h). Williams was sentenced to 8 months and 18 months, respectively, for his supervised-release violations, totaling 26 months. The court's sentence of an additional 12 months of supervised release resulted in a total of 38 months, which exceeds the statutory maximum of 36 months. Therefore, we vacate the supervised release term and remand the case to the district court. Our remand is limited to reconsideration of the supervised-release term, and any new term of supervised release shall not exceed the maximum permitted under 18 U.S.C. § 3583(h).

\* \* \*

Williams' 18-month sentence is AFFIRMED, his 12-month term of supervised release is VACATED, and the case is REMANDED for the district court to consider whether to impose a new term of supervised release that does not exceed the maximum permitted under § 3583(h).